The opinion of the Court was afterwards delivered by
Parsons, C. J.
There are two principal errors assigned in this case: — That the report was not made to the next Court of Common Pleas, pursuant to the statute; and that it was not competent for the parties to submit these several demands, by one rule before a justice.
If the first report had been made to the Court at the same term during which it had been agreed upon, and the judgment had been •then entered, it must have been reversed.
This process is considered by the statute as a species of action, and is so called. But it is not pending in Court, until the report be agreed on and made to the Court. That the parties may know when to appear, the statute provides, that the report shall be made to the Court of Common Pleas, next to be holden after [ * 142 ] the report * is agreed upon. If it be not made to the next Court, neither party is chargeable with loches for not appearing, and the Court can have no jurisdiction. So, if the report be originally made after the next term, the Court can have no jurisdiction, as no negligence can be imputed to either party for not afterwards appearing, if no report had been made at the next term.
When the Court have once regular jurisdiction of this species of action, the statute provides that they shall have cognizance of it in the same way and manner, and the same doings shall be had thereon, as though the report had been made under a rule of the same Court. In this last case, the Court may recommit the rule, and receive the same report, or an amended, or new one, at the same or at any future term; the parties being always in Court, unless they depart through their own default.
Under this provision it is contended by the defendant in error, that although the original report must have been made at the Court holden next after it was agreed on, to give the Court jurisdiction, yet when the Court once had regular jurisdiction, it may proceed, as in cases ol their own rules, to receive a new report on recommitment at the same or any other term.
*107 And we are of opinion that in this there is no error; for the Court once having jurisdiction, this jurisdiction shall continue until judgment be rendered upon some report made under the rule, or that all proceedings under it are disallowed. The difference between the cases of an original report, and of a new or amended report, arises from the provisions of the statute. After a report is regularly made, and the rule recommitted, the parties have day in Court until a final decision.
There seems to be no other construction, unless it could reasonably be decided that the Court have no power to recommit, and that, if the original report is not received, all proceedings under this process are at * an end. A decision of this [ * 143 ] kind would be against contemporaneous practice under this statute, and against public convenience. For it often happens that reports under this statute are rejected for some informality, and on a recommitment the form is amended, and the report is returned at the same term.
If the referees had power, upon a rejection of the report, again to make a new report without recommitment at any future term af ter the rejection, the matters referred might be kept in suspense at the pleasure of the referees. But if an order of recommitment is necessary, then if the referees unreasonably delay to proceed, the order may be discharged, and their powers determined.
This delay of proceeding may exist before an original report be made: to guard against which, I am inclined to believe that the statute, the object of which was to provide for justice speedily and cheaply, intended that the report should be made at the Court holden next after the rule should be entered into. The practice, however, has been otherwise; and if this practice be correct, we ought not unnecessarily to multiply opportunities for unreasonable delay.
As to the second error, it is true that the rule cannot embrace demands between different parties. But in this case the parties were the same in all the demands, although the plaintiff in error acted in different rights; all the demands submitted are demands between the same parties, and a rule of this kind is provided by the statute. And it is convenient that rules of this kind may be made.
In the present case, the demands of the defendant in error annexed to the rule were against the partnership, and which he could substantiate against the administrator of the surviving partner. But each partner might have made payments or advances on the partnership account, as well as on his own ; to meet which the defendant * in error might have several demands. It [ * 144 ] was, therefore, most convenient that the same amicable judicature should adjust all these demands; and we are of opinion *108 that the parties to the rule might give them authority for those pur poses by the submission. It appears by the report that these separate demands were not supported on either side, or were balanced; for a report is made for a sum due from the surviving partner, which, it is stated, is in full of all the matters submitted.
Costs are also awarded against the administrator; and it is objected, that the administrator has three different funds in his hands, and the referees have not reported on which fund the costs must be a charge. Clearly, they must follow the damages awarded, which are expressly reported to be a charge on the partnership fund. For we must presume that the costs are awarded on account of the partnership debt found to be due.
The judgment must be affirmed, with costs for the defendant in error.