Parsons, C. J.
The third section of the statute under which this submission was made, enacts that when the report shall be made to the Common Pleas, that court shall have cognizance thereof in the same way and manner, and the same doings shall be had thereon, as on a report of referees made pursuant to a rule of the same court. Now, it is well known to have been the ancient and constant usage of that court, when rules of reference are there granted, to reject the report, if there be good cause, to recommit the matters referred to the same referees, and at any subsequent *59 term to receive a new report, and upon it to render judgment. This same power the Common Pleas have, by this statute, on a report made by virtue of its provisions. — We have, therefore, only to inquire whether the Common Pleas had, in the case before us, good cause to recommit the report.
Little and Banister for the plaintiff in error.
Mosely for the defendant in error.
* The submission was of all demands, and the referees, [ * 71 J in their report, had not considered all demands. The report, therefore, did not pursue the submission, and the court below acted very properly in refusing to render any judgment upon it. The referees not having executed their trust, the court also recommitted to them the subject matters referred. — In the case of Whitney, Admr., Plaintiff in Error, vs. Cook, (1) the like objection against the authority of the Common Pleas to recommit a report made pursuant to a submission before a justice, and to render judgment on a new report at a subsequent term, was made and pressed on the Court; but on full consideration, the objection was overruled. Upon the authority of that case, supported by a reasonable construction of the statute, the judgment must be affirmed, with costs, for the defendant in error.
The practice, as well of the Courts of Common Pleas as of this Court, seems to be well settled. If either of the referees have acted partially or corruptly, or refused to execute the trust, the rule is discharged; — if either of the parties, without any loches on his part, has not had a reasonable opportunity to be heard; or if the report be informal, or does not pursue the submission, there being no objection to the conduct of any of the referees, — it is the usual practice to recommit the report. This practice is convenient to the parties, and much less expensive than discharging the rule, and directing a trial at law.

Judgment affirmed, with costs.

5-10"> 5 Mass. Rep. 139.