Sew all, J.,
delivered the opinion of the Court.
The plaintiff in this writ of error was defendant in the proceed mgs certified from the Circuit Court of Common Pleas; and the judg *260 ment, now excepted to as erroneous, was there rendered against him for a sum of money, as due to the present defendant in error, or as recoverable for damages in the suit instituted by him. The errors now assigned are exceptions to the declaration of the writ in which that suit commenced. The declaration is said to be insufficient in law, as the foundation of a judgment, in several particulars ; and there is one exception to the form of the award and report by the referees, to whose determination that case, as_it is expressed, was referred by the agreement of the parties, and the rule of court entered thereon.
The exceptions to the declaration would deserve attention, and perhaps would be, some of them at least, fatal to a judgment rendered upon it in the ordinary course of law, as upon a verdict or demurrer. The answer, however, for the defendant in error, is, we think, satisfactory and ''conclusive, upon all the exceptions to the declaration in the original suit.
This judgment was rendered upon an award and report [ * .238 ] of * referees, deriving their authority from a rule of court, entered of record and made a part of the proceedings, by virtue of the agreement and consent of the parties. Such an agreement operates as a waiver of all exceptions to the forms of process; or it may be considered as a release of errors, or as an estoppel against any assignment of errors, in the proceedings anterior to the rule mutually consented to by the parties, each with the other. (2)
In the record before us, the original declaration states a demand or cause of action, — a case, as the parties express it in their agreement ; and whether the declaration contains the whole of the plaintiff’s title, or a title sufficiently and technically averred, with all the allegations essential to support a judgment upon a verdict or demurrer, or not, is a question not now to be examined, after an agreement by the parties that referees should decide their controversy, and determine between them upon the case, or demand, there fully suggested, if it was not, to every purpose, technically exhibited.
\nd, to notice the most material of the exceptions which have been argued, because it goes to the merits of this demand and controversy, we incline to the opinion that the counsel for the plaintiff in error is incorrect in his construction of the statute, which provides 9 remedy, by action on the case, for the party injured by the false answers of any one summoned as a trustee and discharged. Such a person shall, upon a conviction in the Supreme Judicial Court, be adjudged guilty of perjury, and be subject to the pains and disabili *261 ties thereto by law incident; and “ shall also, out of his own proper estate, be liable and subjected to pay to the plaintiff in the action, &c., the full amount of the judgment recovered against the principal, or such part thereof as may remain unsatisfied, together with double costs, &,c., to be recovered in a special action on the case.”
The remedies are, we think, concurrent; and the remedy for the party injured does not depend upon the event of a public prosecution.
* The present decision is not, however, influenced by [ * 259 ] this opinion; for a conviction is not essential to be alleged or proved, where the parties have submitted to a determination by referees, whether any thing is due and recoverable in a case of that nature, or arising out of the answers of one summoned as trustee, and discharged. It might be supposed, indeed, to support the decision of the referees, that a case of wilful and corrupt perjury had not been proved ; but some gross mistake, injurious to the plaintiff in the suit to the extent of his demand, and requiring to be equitably corrected by the award of compensation, and of double costs, according to the demand of his writ; the right to double costs being a part of the case submitted.
The referees have not said, indeed, (and this is assigned as an error sufficient to reverse the judgment rendered on their report,) that the plaintiff in error had been guilty of false answers, or had perjured himself, when summoned and examined, whether a trustee or not. But they have determined a case or controversy, upon a demand and action alleged to have arisen in that manner ; and their determination is, that the plaintiff therein “ do recover the sum oí, &c., being the amount of his judgment recovered,” &c., (against the principal in the suit, wherein the trustee was examined,) “with costs to be taxed by the court.” The referees have adopted the wo/ds of the statute in awarding the sum recoverable, and have declared the defendant further subject to such costs as the court may by law assess or tax.
There might have been a question raised, of the intention of the referees respecting the costs, sufficient to give occasion for some inquiry in that particular, when the report was accepted; but the prima facie evidence, from the tenor of the report, the most obvious construction of it, certainly is, that the defendant, the present plaintiff in error, was, for the demands against him arising by law, on the case submitted, entirely within the provision of the statute, and holden to indemnify the plaintiff to the extent of that provision And we cannot adopt what has been argued in support of the *writ of error, that an issue between the parties, [ * 260 ' or a precise verdict of gu:’ty of false answers, or guilty *262 of perjury, is essential to this conclusion ; or, if essential to the determination of the referees, such a verdict is fully implied in the decision they have reported; and referees are not restricted to the use of technical forms in their reports. They had determined, substantially, the case submitted to them, and the judgment is pursuant to their award. This Court, therefore, affirm the judgment, with costs for the defendant in error, (a)

 1 H. Black. 21, Camden & Al. vs. Edie.

 [Vide Coffin vs. Cottle, 4 Pick. 454. — Ed.]