Per Curiam.

We think it very clear that the administrator had a lawful right to enter into the rule of reference; Dickey v. Sleeper, 13 Mass. R. 244; Whitney v. Cook, 5 Mass. R. 139;[1] and that under this rule, whereby all demands between the plaintiff and the administrator of Russell were referred, the particular form of the counts, whether good or not at law, or whether rightly joined, is wholly immaterial. Forseth v. Shaw, 10 Mass. R. 253. If it appeared to the referees, that the money advanced by the plaintiff was on account of debts due from the estate of the intestate, we think they did right to allow them, although they might have become due and been paid after his death ; for if due, the administrator would have been obliged to pay them, and would have charged the amount in his administration account. The award of damages de bonis testatoris was correct, because the action was against the defendant as representative of that estate, and so far as appears in the case, the debts proved were all due from the intestate or his estate.

Judgment of C. C. P, affirmed.

 See Bean v. Farnham, 6 Pick. 269.