<div style="text-align: right">Foster<br>*v.*<br>Hunting. et a</div>

cense executors, &c. to sell real estate, section 4, " that when any executor or administrator, in order to secure or satisfy a debt due the deceased, shall have levied on the land of the debtor, it shall be in the power of the judge of probate, after giving notice, &c. to license the executor or administrator who shall give bond and be sworn, &c. to sell, &c. the land so levied, although the sale thereof be not necessary for the payment of the said just demands."

By the express words of the said eighth section, the title to lands acquired by an extent to secure a debt due to the deceased, is vested in those who were beneficially interested in the debt, subject however to be sold by the executor or administrator, *in the manner by law provided,* for the payment of just demands against the estate. We think that the words " *provided by law,*" mean, provided by statute. In the other section above recited, there is an express provision for a license. We are not aware, that there is any manner provided by law for the sale of lands, vested in heirs, by executors or administrators except by a license from the judge of probate.

We are therefore of opinion, that nothing passed in this case by the deed of the said Mary Foster to the demandant, except that part of the land, on which the execution, which she had in her own right, was extended, and there must be judgment accordingly.

---

## MARY BURBANK *versus* ASA WILLOUGHBY.

When a plaintiff recovers less than $13,33 by reason of a set-off, he is not to be limited in his costs, although it appear that the matter of the set-off might have been given in evidence as payment upon the general issue.

ASSUMPSIT. The defendant filed as a set-off certain articles delivered, and certain sums paid, to the plaintiff and upon the trial here at this term, proved the delivery

<div style="margin-left:margin">Burbank<br>
*v.*<br>
Willoughby.</div>

of the articles and the payment of the money, by reason of which the jury returned a verdict in favor of the plaintiff for $10, only.

*Quincy*, for the defendant, moved the court to limit the costs, because the matter of the set-off was in fact a payment.

*Bell*, for the plaintiff.

*By the court.* It is possible, that the matter of the set-off might have been given in evidence in this case as a payment on the general issue. But the defendant chose to rely upon it as a set-off, and we think he is not now to be heard when he attempts to treat it as a payment, in order to limit the costs. The rule, that when the damages are reduced by a set-off, the plaintiff shall have full costs, applies to this case. It has been so decided formerly. *Full costs allowed.*