## A. BROWN, and another *versus* J. S. MATHES.

Referees, under a rule of court, if not restricted by the rule, have authority to award costs.

And in such a case, if the title to real estate was in question, the costs will not be limited, because a small sum was awarded to the plaintiff.

THIS was an action of trespass, for breaking and entering the plaintiff's close, being part of lot numbered seven in Ossipee.

The cause was submitted by a rule of this court, to three referees, with authority to determine the dividing line between lots No. 2 and 7, in Ossipee, so far as the same line runs between the lands of the plaintiff and defendant; and at January term, 1830, the referees reported, that the plaintiff was entitled to recover $3,00 dam-

Brown et a.
*v.*
Mathes.

age, costs of reference taxed at $16,20, and costs of court to be taxed by the court. They reported a line, also, which they determined should be the dividing line between the said lands of the parties.

*Dearborn,* for the defendant, moved the court to limit the costs.

*Hobbs,* for the plaintiffs.

*By the court.* It has long been settled, in this state, that referees have, if not restricted, authority to award costs. 16 Mass. Rep. 396, *Buckland* v. *Conway ;* 2 ditto, 164, *Nelson* v. *Andrews ;* 5 Mass. Rep. 139, *Whitney* v. *Cook.*

It is not quite clear, that the statutes, which limit the costs to be recovered by a plaintiff in certain cases, apply to causes submitted to referees. 7 Mass. Rep. 467, *Moore* v. *Heald.*

But however that may be, this is not a case in which the costs are to be limited, because the title to real estate was evidently in question between the parties in this cause.