## PICKERING vs. PICKERING & a.

Where a town voted to raise their highway tax by assessing " one day's work on a poll, to be worked on the road, and in that proportion on the inventory," without specifying the value for such work—*Held*, that it could not be supplied by the selectmen so as to render a tax valid.

Where there are two or more joint owners of personal property, they should join in an action of trespass. If suits are brought by either of them severally, however, advantage can be taken of non-joinder only by plea in abatement.

TRESPASS, *de bonis asportatis.* The defendants plead the general issue, and filed a brief statement, setting forth that they were duly elected and qualified as the selectmen of the town of Newington, on the 12th day of March, 1839, and at the same time Nathaniel P. Coleman was duly elected surveyor of highways—that a highway tax was legally voted and assessed for that year, and a warrant issued to Coleman to cause the tax to be worked out by those persons assessed in his district ; and that the plaintiff, having refused to work

out his tax, or pay the amount assessed against him, after being legally notified so to do, Coleman distrained the property of the plaintiff, and caused the same to be sold to pay the tax, and costs thereon ; and, after deducting the amount of the sums, the balance received was returned to the plaintiff.

The defendants produced a copy of the warrant for the town meeting, and of the return of the posting up of the same.

The sixth article in the warning for the town meeting was as follows : " To take the minds of the people what sum of money shall be raised to defray the expenses of the town the present year."

The following votes were passed at an adjournment of the annual meeting, viz. : " *Voted*, to raise for the use of the town five hundred dollars the ensuing year."

" *Voted*, to assess one day's work on a poll, to be worked on the road, and in that proportion on the inventory."

It was in evidence that the defendants were duly chosen and sworn as selectmen, and that they made out their tax lists for highways, assessing the inhabitants of the town at seventy-five cents for a day's work on their poll and inventory ; and issued a warrant to Coleman, assessed in such a manner on the citizens in his district ; and for non-payment of the tax, as made out in this warrant, the plaintiff's property was distrained, after due notice.

The defendants offered to show that for many years the highway tax had been voted to be raised in the terms named in the vote of this year, and that the understanding and practice of the town for the last six years had been to reckon a day's work at seventy-five cents per day, and that this vote passed with such understanding and intention.

The court ruled that the vote raising the highway tax was defective and void, and that it could not be amended by parol testimony.

On this ruling a verdict was taken for the plaintiff for the

sum of $5·00, subject to be altered, amended, or set aside, as the court might direct.

It appeared in evidence, that the property taken was jointly owned by the plaintiff and three other individuals, and the defendants contended that one of the joint owners of this property could not maintain an action of trespass in his own name alone.

*Bartlett & Emery*, for the plaintiff.

*Hackett & Cutts*, for the defendants.

UPHAM, J.    This suit is brought against the selectmen of Newington, to recover damage for distraint of property made under the directions of the selectmen, for the collection of a highway tax assessed against the plaintiff.    The selectmen were duly elected and qualified, but it is incumbent on them to show farther that the tax assessed by them was duly voted.

It was part of the business of the annual town meeting, as specified in the warrant, "to determine what sum of money should be raised to defray the expenses of the town for the year ;" and under this article a vote was passed "to raise for the use of the town five hundred dollars."    This vote is perfectly distinct, and legal, and had the tax which was levied upon the plaintiff's property been assessed under it, it would not have been subject to exception.    But the town proceeded farther, and voted " to assess one day's work on a poll, to be worked on the road, and in that proportion on the inventory "; and the selectmen made the assessment of which the plaintiff complains, under this vote, reckoning a day's work at seventy-five cents per day, and this tax they required the constable to collect.

It is perfectly evident that the selectmen could make no valid assessment under the last vote, except by changing it into a money tax.    It furnishes no data of computation by

which an assessment can be made. This defect the select-men have attempted to supply, and by their own act fix and determine the amount of tax voted. They must either re-gard the vote as a nullity, or do this. But the selectmen can make no such addition to a vote of the town, and have clearly transcended their power, in attempting to make it operative in this manner.

It is also clear that such a vote cannot be explained by previous practices of the town, or by the testimony of those present. We permit the record in some cases to be amend-ed, where it is informally entered up, and where there is sufficient matter apparent upon it to show the actual pro-ceedings had ; but here the whole is left to conjecture ; noth-ing in the record gives any indication of the extent of the tax designed to be raised by the town, and the assessment and levy is wholly without any legal foundation.

The plaintiff is, therefore, entitled to judgment, unless the exception taken to the maintenance of the action, on the ground of a deficiency of parties, should be sustained. The exception taken is that the plaintiff, who is one of several joint owners merely, cannot maintain an action of trespass in his own name.

This is undoubtedly true, where the exception is taken seasonably in abatement. Thus, if there be several part owners of a chattel, and an injury be done to it, regularly all the part owners ought to join in an action to recover damages for that injury ; but as the rule is established for the defendant's benefit, he may waive this benefit by not taking the exception in abatement ; and he cannot take ad-vantage of the irregularity, under the general issue, although it should appear by the plaintiff's own shewing that he is part owner. 2 *Mass.* 511, *Hart* vs. *Fitzgerald ;* 17 *Ditto* 182, *Patten & a.* vs. *Gurney & a.*

In actions, in form, *ex delicto*, if a party who ought to join be omitted, the objection can only be taken by plea in abate-ment, or by way of apportionment of the damages on the

trial.   1 *Ch. Pl.* 53 ; 8 *Johns.* 151, *Bradish* vs. *Schenck.*
In actions for injuries to personal property, joint tenants and
tenants in common must join, or the defendant may plead it
in abatement.   1 *Chit. Pl.* 52.

As no plea in abatement was filed in this case, the excep-
tion as to nonjoinder of plaintiffs is too late.

*Judgment on the verdict for the plaintiff.*