## PICKERING & a. *vs.* COLEMAN.

The plaintiffs, heirs at law of an estate, gave a chaise and money belonging to the estate, in exchange for another chaise. The defendant, a collector of taxes, seized and sold the chaise as the property of the plaintiffs, for non-payment of a tax assessed against the plaintiffs, which tax was afterwards decided to be void on account of an illegality in the assessment. *Held,* that trespass would lie in favor of the heirs against the collector for taking the chaise.

Whether the single act of disposing of the chaise would make the plaintiffs executors *de son tort—quere?*

But if it would, *semble* that as such act was not done in the due course of administration, the rightful administrator might maintain trover against the vendee of the chaise which belonged to the estate.

Whether in such case the administrator might have ratified the sale so as to vest the property in the chaise in himself, for the benefit of the estate, *quere?*

But as he had not ratified the sale, and as no persons in interest had objected—*Held,* that the defendant could not now object to the right of the plaintiffs to maintain an action.

*Held,* also, that as the tax was illegal, the possession of the plaintiffs was sufficient to enable them to maintain trespass against the defendant, who had no right to take the property.

The chaise was purchased at the collector's sale, by one of the heirs, and immediately went back into their possession, after a detention of a day or two. A verdict was taken for the plaintiffs for one dollar damages—*Held,* that the plaintiffs had no reasonable expectation of recovering more than $13.33, and that their costs should be limited to the amount of costs recoverable before a justice.

TRESPASS, for taking and carrying away a chaise and harness, alleged to belong in part to the plaintiffs.

The defendant pleaded the general issue, with a brief statement, setting forth that he was collector of highway taxes in Newington, and that the chaise and harness were taken and sold, to pay the highway taxes of James A. Pickering and others, and that the proceeds of the sale, after deducting the amount of the taxes, &c., were returned to Martha Pickering.

It appeared in evidence that Martha Pickering and her five children owned the chaise and harness. They all lived together as one family, and their property had never been divided. The chaise was procured by exchanging an old chaise for it, and by payment of the difference in value between them in money. The old chaise was part of the estate of which the children were heirs, and the money advanced also came from the estate, which was never settled, nor was any division of it ever made.

It appeared, also, that one of the owners of the chaise had previously brought an action of trespass against the defendant, for taking it, and had recovered his portion of the damages, on the ground that the tax for the payment of which it was taken had been illegally assessed.

The chaise was sold by the defendant by auction, and James A. Pickering, one of the owners, purchased it, and it was returned to the family after an absence of a day or two, and since that time it has been used by them as before. The defendant afterwards paid the sum of twenty dollars to three of the owners of the chaise, who thereupon gave him a receipt in full for their portion of the damages, on account of the trespass aforesaid.

A verdict was taken for the plaintiffs, for one dollar damages. The defendant moved that the verdict be set aside, and that a nonsuit be entered, for the reason that the suit should have been brought by the administrator of the estate which descended to the heirs, and not by the plaintiffs ; and he also moved the court to limit the costs.

*Emery*, for the plaintiffs.

*Hackett, & Cutts*, for the defendant.

GILCHRIST, J. In the case of *Pickering* vs. *Pickering & a.*, Rockingham, December term, 1840, 11 *N. H. Rep.* 141, it was settled that the tax, for the non-payment of which the defendant sold the chaise in question, was illegally assessed. And the only question now made by the defendant is, whether the suit should not have been brought by the administrator of the estate, of which the chaise was a part, instead of the plaintiffs.

The estate once owned a chaise, which was disposed of, together with some money of the estate, and the chaise in question purchased. Suppose the administrator might pursue the chaise, in the hands of the vendee, on the ground that the property could not be changed by any act of the heirs. This position is inconsistent with the present one ; because the more clearly it appears that the property is not changed by the act of the heirs, the more certain it is that the administrator has no right of action in this case. The

heirs may have made themselves liable to a penalty for alienating the property of the deceased, but it does not necessarily follow from that, that the administrator has a right of action on account of the property which they procured in exchange.

It would seem that by the single act of selling the chaise, the plaintiffs did not become *executors de son tort.* In the case of *Mountford, Adr.*, vs. *Gibson*, 4 *East* 441, it was held that a creditor of the intestate, who had received the goods of the intestate from his widow in payment of a debt, was liable for them in trover to his administrator, and that the single act of the delivery of the goods did not make her an executrix *de son tort.* The delivery of the goods vested no title in the defendant. And it is said by Lord Ellenborough, that when it is laid down generally, that payments made in the due course of administration by one who is an executor *de son tort*, are good, that must be understood of cases where such payments were made by one who is proved to have been acting at the time in the character of executor *de son tort*, and not of a mere solitary act of wrong in the very instance complained of, by one taking upon himself to hand over the goods of an intestate to a creditor.

The sale of the chaise by the plaintiffs was not an act done in the due course of administration ; but, so far as the estate was concerned, a mere gratuitous interference. It would not, therefore, be a valid act, even if the act itself made them executors *de son tort*, and even if the statute which provides that if any person shall unlawfully alienate the estate of a deceased person, he shall be chargeable as executor in his own wrong to double the value of the estate so alienated, may be construed as giving such person any of the privileges, as well as subjecting him to the liabilities of such an executor. *N. H. Laws* 335, (*Ed. of* 1830.)

It is said by the court, in *Giles* vs. *Churchill*, 5 *N. H. Rep.* 341, that they are inclined to think that an executor *de son tort*, cannot, by a sale of the goods of the deceased, give

any title to the purchaser, as against a rightful administrator. Perhaps this position should be received with some limitations. The case did not require the settlement of that question. But the plaintiffs are certainly in no better position than if they were, strictly speaking, executors *de son tort*, and such an executor could not convey a title where the act was not in the due course of administration.

If, then, the administrator had chosen to bring an action of trover against the vendee of the chaise, he might have maintained it. Whether, under the circumstances of this case, he could have ratified the sale so as to vest the property in himself, for the benefit of the estate, is a question which need not be settled here ; for there is no evidence of any direction on his part to the plaintiffs to sell the chaise, as was the case in Giles *vs.* Churchill, or of any assent by him since the sale. In the absence of any evidence on this point, the defendant shows no reason why the suit should be brought by the administrator. If the property has not passed, then the chaise does not belong to the estate. It certainly is in the plaintiffs, as against the vendee, and against all other persons, until some one who has a right to interfere elects to avoid the sale, if he may lawfully so do.

But there is, also, another answer to the defendant's position. As the tax was illegally assessed, the act of the defendant, in taking property out of the possession of the plaintiffs, for non-payment of the tax, was wrongful. As against him, the possession of the plaintiffs was a sufficient title ; and as he has shown no right to interfere, they are not bound to go beyond the evidence of title which their possession furnishes. Possession of a chattel is sufficient, upon all the authorities, against a wrong doer.

We think, however, that the costs of the plaintiffs should be limited to a sum not exceeding the amount of costs recoverable before a justice of the peace. In such a suit they might have recovered a full satisfaction for all the damages they have sustained. The chaise was kept from their pos-

session but a day or two ; and there is some evidence from which it may be inferred that the chaise was purchased for the benefit of all the owners, as it immediately went back into their possession.   It is not suggested that the defendant was guilty of any wanton abuse of his official power.   If the plaintiffs voluntarily took measures to have the property restored to them, there is no reason why they should recover damages for any thing more than they have suffered, which is the detention of the chaise ; and there is no reason for saying that the sum of $13.33, which they might, perhaps, have recovered in a suit before a justice, would not have been a very large compensation for such detention.   It appears that the defendant has paid three of the owners the sum of twenty dollars, as compensation for the damages they had sustained. That, however, was a voluntary payment, and probably the result of a compromise, and cannot affect the amount which the plaintiffs had a reasonable expectation of recovering in this suit.   And we think that, in the words of the statute, *Laws* 509, (*Ed. of* 1830,) the amount we have ordered is "just and reasonable, all circumstances duly considered"—as the statute empowers the court to interfere where the plaintiff has no reasonable expectation of recovering more than thirteen dollars and thirty-three cents.   We, therefore, order that there be

*Judgment on the verdict, and that the costs be limited to those recoverable before a justice.*