## LEACH *vs.* PILLSBURY & Trustee.

The concurrence of the fact of residence in a place, and the intention to reside there permanently, constitutes the domicil.

The succession to personal property is governed by the law of the actual domicil of the intestate, at the time of his death.

A person, over twenty-one years of age, went from this State to New-Orleans, resided there three years, declaring his intention to live there permanently, and died.—*Held*, that his domicil at the time of his death was in New-Orleans.

The court cannot presume, in the absence of evidence, that the laws regulating the distribution of intestate estates, in another State of the Union, are the same as in this State.

A person, over twenty-one years of age, having his domicil in New-Orleans, died there, intestate, without descendants, and leaving a father in this State, who, under our statute, was his heir at law. In his last sickness he directed his property, consisting of a debt due him, to be sent to one of his brothers, in this State, to be by him divided between his mother and his youngest brother, which was accordingly done. The father was afterwards sued, and the brother who received and disposed of the money was summoned as his trustee.—*Held*, that as there was no evidence that the father was entitled to the money under the laws of Louisiana, the trustee could not be charged.

*Semble*, that the single act of receiving and paying out a sum of money belonging to the estate of an intestate, will make a person an executor *de son tort*, so far that he may be charged as such; but whether a creditor could protect himself, having thus received money, against a suit brought by a rightful administrator, *quære?*

Whether the question of the liability of a person, as an executor *de son tort*, can be tried in a suit in which he is summoned as the trustee of an heir at law of the intestate, *quære?*

FOREIGN ATTACHMENT. The following facts appeared from the disclosure of the trustee.

In the year 1834, Timothy A. Pillsbury went from this State to New-Orleans, where he resided until his death, in the month of September, 1837. He was a brother of the trustee, and a son of the defendant. At the time of his death he was about twenty-six years of age, and was in the employ of a mercantile firm in New-Orleans. On various occasions before his death, he had expressed his intention to reside permanently in New-Orleans, and expected to become a member of the mercantile house by whom he was employed. At the time of his death there was

a balance due him from his employees of $1001.28, which sum, in his last sickness, he requested should be sent to the trustee, to be by him divided between his mother and his youngest brother. The money was, accordingly, forwarded to the trustee, and appropriated by him pursuant to the directions of the deceased. The' trustee received information from New-Orleans that his brother's estate was settled, agreeably to the laws of Louisiana.

*H. Chase,* for the plaintiff.

*Pierce & Fowler,* for the trustee.

GILCHRIST, J.   As Timothy A. Pillsbury died intestate, after arriving at the age of twenty-one years, without having descendants, his father, the defendant in this case, who survived him, would, by our laws, inherit his estate.   *N. H. Laws* 352, (*Ed. of* 1830.)

There is sufficient evidence that the actual domicil of the deceased was in New-Orleans at the time of his death.   He was over twenty-one years of age when he went there.   He lived there three years, and repeatedly declared that he should make that the place of his permanent residence.   There was the fact of residence, and also the intent, and the concurrence of these constitutes the domicil.   *Conflict of Laws,* § 44..   And the succession to personal property is governed exclusively by the law of the actual domicil of the intestate, at the time of his death. *Ibid.,* § 481;   *Goodall* vs. *Marshall,* 11 *N. H. Rep.* 88.   In this case there was no administration upon the estate of Timothy. There was no person upon whom the defendant could call for his distributive share in the estate.   There was no property which assumed the form of a distributive share.   The trustee has received a sum of money which the persons who sent it to him declared was the property of his deceased brother, and directed him to dispose of it in a particular manner, with which directions he has complied.   He has received no money as an agent of the defendant, and has in no manner recognized his title to the money sent him from New-Orleans.   We cannot presume, in the absence

of all evidence, that the laws of Louisiana, regulating the descent of intestate estates, are like the laws of New-Hampshire, or that a father, in such a state of facts, is, in Louisiana, entitled to a distributive share in the property of his son. As we cannot make such a presumption, there is no ground upon which the trustee can be charged.

It is said that the trustee has so far intermeddled with the estate of the deceased, as to make himself an executor *de son tort*, and that the plaintiff may have his remedy against him, in that capacity, through the instrumentality of the trustee process. It has been held, that if a stranger take any of the intestate's goods, and use or dispose of them, he will thus make himself an executor *de son tort*. *Read's Case*, 3 *Coke* 33. And this position has been said to be correct, if taken to mean, only, that the party intermeddling may thus be charged. *Mountford, Admr.*, vs. *Gibson*, 4 *East* 441. But whether the single act of receiving and paying out the money of the estate will make the person so far an executor *de son tort*, as against a rightful administrator, the act not being done in the course of administration, that the creditor may protect himself thereby, in a suit brought by the administrator, may be a question. *Mountford* vs. *Gibson; Pickering* vs. *Coleman*, [12 *N. H. Rep.* 148.] However this may be, the trustee in this case cannot be charged as an executor *de son tort*. The plaintiff is not a creditor of the deceased, but one of his heirs at law. The act provides, that if any person shall unlawfully intermeddle with, &c. the personal estate of a deceased person, he shall be chargeable to the creditors, or others aggrieved, &c. *N. H. Laws* 335, § 9, (*Ed. of* 1830.) Even if the creditor of an heir might be considered as coming within the class of " persons aggrieved," and if the question of the liability of the alleged executor *de son tort* could be tried in this process, still the plaintiff would be met by the objection that there was no evidence that he was entitled to a share in the property of his son. No reason, therefore, occurs to us why the trustee should be holden.

*Trustee discharged.*