SAMUEL D. BLOOD & another *vs.* FRANCIS ROBINSON.

An award of arbitrators, appointed by a submission before a justice of the peace, pursuant to the Rev. Sts. *c.* 114, and returned to the court of common pleas, may be recommitted to the arbitrators, with directions to amend the award, without rehearing the parties on the merits, by certifying whether the arbitrators were all present at the hearing and adjudication.

IN this case, which was a writ of error, argued by *Ed. G. Loring,* for the plaintiffs, and *D. A. Simmons,* for the defendant, the facts are sufficiently set forth in the opinion of the court.

SHAW, C. J. In error from a judgment of the court of common pleas for this county, January term, 1845, on a report

33 *

of arbitrators under a justice's rule. It appears by the record, that the submission was made in the usual form (as provided in the statute) to three arbitrators, and that the award was made and signed by two of them only. The award was then recommitted by the court to the arbitrators, to certify whether they were all present at the hearing and adjudication, without a rehearing of the parties upon the merits. Thereupon, at the same term, the same award was returned, with a certificate of the three, that all the arbitrators attended at the hearing, but that one did not concur with the majority, and for that reason did not sign the award. The error assigned is the order of the court recommitting the award, to certify a fact, without a rehearing of the parties on the merits.

The argument against the validity of this judgment is founded on the Rev. Sts. *c.* 114, § 9, which provides, that the award may be accepted or rejected, or may be recommitted to the same arbitrators for a rehearing by them. It is argued from the last clause, that if the court recommit the award, it must be for a rehearing. But we think this argument is not well founded. Here are no negative words; it is an enabling, not a restrictive clause. If it stood alone, it might seem, by implication, to limit the power of recommitment to the purpose of a rehearing. But a general power is given to the court, in the preceding section (§ 8), respecting an award returned under a justice's rule, which provides, that "the court shall have cognizance thereof, in the same manner, and the same proceedings shall be had thereon, as if it had been made by referees, appointed by a rule of the same court." This provision is broad enough to give the court, to whom such an award is returned, the fullest power over the award, and, amongst other things, to enable the court to recommit, generally or specially, as the case may require.

The first provision in the revised statutes, cited above, § 9, seems to have been introduced in this way. The eighth section, giving the court cognizance, &c., was borrowed from the old statute of 1786, *c.* 21, § 3. Under that statute, it had been repeatedly decided, that the court could recommit

the award, for the purpose of amendment, in matter of form or for any other sufficient cause.  *Boardman* v. *England,* 6 Mass. 70 ; *Whitney* v. *Cook,* 5 Mass. 139 ; *May* v. *Haven,* 9 Mass. 325.   Still, as the authority of arbitrators under a justice's rule is derived more immediately from the act of the parties, whilst the authority of referees under a rule of court, made in a case pending, is derived from the court, it may have been doubted whether a court, on a report under the former, might, in effect, make a new rule of reference for a rehearing on the merits ; to remove this doubt, — to give in express terms a power, which might be and probably would have been implied from the provision in § 8, — a new clause was introduced by § 9, giving to the court, in terms, the power to accept or reject, or recommit for a rehearing.   This provision was no doubt designed, as in many other instances, to make an existing rule of law clear and express, which before rested in implication or inference from more general provisions, and not to make any new rule.

We are of opinion, that the court of common pleas had full power to recommit the award, for a special purpose, and with a limited authority, to the arbitrators, as well as for a rehearing on the merits ; and that the award, when again returned as the award of the major part of the arbitrators, was a good award, the judgment upon which was not erroneous.

*Judgment affirmed*