## Hosea Merrill *vs.* Thomas A. Gold.

An action on the case, — to recover damages against the defendant, for falsely representing that he had funds in his hands, for which he was chargeable as the trustee of a debtor of the plaintiff, whereby the plaintiff was induced to sue out a trustee process against such debtor, and the defendant as his trustee, from which the defendant was discharged on his answer, — being submitted to arbitration by a rule of court, it was held, that the arbitrators were not authorized, under such submission, to admit the plaintiff to prove, as a ground of claim, that the defendant's statement on oath in his answer, that he had no funds, was false.

This was an action on the case, originally brought in the court of common pleas, against the defendant, an attorney of this court, for a fraudulent misrepresentation.  The declaration contained two counts.

In the first count, the plaintiff alleged, that, having a demand which was then due and unpaid against one Harris, the defendant, who was the legally retained attorney of the plaintiff, intending to deceive and injure him, wrongfully and deceitfully represented to him, that he, the defendant, had in his hands and possession certain goods, rights, and credits of Harris, which were attachable, and for which the defendant was liable to answer to the plaintiff, as the trustee of Harris ; that, in consequence of this misrepresentation, the plaintiff brought his action against Harris, and the defendant, as his

trustee, and recovered judgment therein against Harris; that the defendant appeared in the suit, and made answer thereto that he had not in his hands any goods, effects or credits of Harris, and was thereupon discharged as such trustee; and that the plaintiff, in consequence thereof, had been grossly and fraudulently deceived and damnified, had been hindered from enforcing his judgment, had been subjected to great trouble and expense, and had suffered great loss and injury.

The second count was similar to the first, except, that instead of averring that the defendant appeared and answered, and thereby discharged himself, the plaintiff alleged that the defendant, neither at the time of making the false and fraudulent representations, nor at the time of the commencement of the plaintiff's suit against Harris, had in his hands any goods, effects or credits of Harris, against which any execution could issue upon such judgment as the plaintiff might recover against him.

The cause having been referred, by the consent of the parties, under a rule of the court of common pleas, in the usual form, the arbitrators returned their award, accompanied by a special report, into that court, at the last February term thereof, and the defendant moved the court to accept the same.

The plaintiff objected to the acceptance of the award, because it appeared, by the report accompanying it, that the arbitrators did not pass upon all the matters submitted to them, and because it was competent for them to pass upon the facts offered to be proved and set forth in the report.

The objections of the plaintiff were overruled by the presiding judge, and the report ordered to be accepted; and the plaintiff thereupon filed exceptions.

The award was, " that the plaintiff hath not sustained his action, and recover nothing; and that the defendant have and recover the costs of this reference taxed at forty-four dollars and twenty-three cents, and the costs of court, to be taxed by the court."

The report, accompanying and returned into court with the award, and signed by the arbitrators, was in the following terms:

" In this case, the referees were of opinion that the defendant was not guilty of the fraudulent representations charged in the declaration as therein alleged.

" The plaintiff then asked permission to amend his declaration, or, without such amendment, to offer evidence to show, that, at the time the writ was served on Gold, as trustee of Harris in the suit of Merrill v. Harris and Trustee, said Gold, in fact, had moneys in his hands of Harris liable to said trustee process ; that, although said Gold might have a lien or claim to part of such moneys in his hands, yet that there was still a balance that should have been held for Merrill by Gold ; that Gold was the attorney of Merrill in said suit ; that he conducted it in court, and Merrill had no other attorney ; that, at October term, 1843, said Gold made his answer, as trustee, which was read on the trial before us in the case, and upon such answer said Gold was discharged.

" The plaintiff wished to offer evidence, which he claimed would show that Gold was, in fact, trustee ; that he, Gold, claimed all the moneys for fees and disbursements, some of which were made after he was summoned as trustee, and that he claimed he had a lawful right so to do, while the plaintiff claimed that he had no right thus to hold the money so disbursed after he was summoned ; and, if he had no such right, then there would have been a balance due from Gold to Harris, and so he would be trustee ; — the plaintiff claiming that Gold's interest, at the time he answered as trustee, was adverse to that of Merrill, for whom he was acting as attorney ; and that Merrill was not therefore concluded, by said Gold's answer, from showing he was, in fact, trustee in this case.

" The plaintiff read said Gold's answer, as trustee, on the trial, to support his declaration.

" In the opinion of the referees, a claim founded on such a state of facts was not within the submission ; that the matter submitted to them was, whether said Gold had been guilty of any fraudulent representations, upon which said Merrill had acted, and by which he had been injured ; that the proposed evidence tended to show that said Gold, if liable at all, was

liable on the ground, that having, as Merrill's attorney, once secured, by the trustee process, property for the benefit of Merrill, he, by his answer, had prevented his receiving it. The referees did hear the evidence, and were not satisfied that said Gold was guilty of fraud, in stating the facts in his answer as he did. But if, under the submission to us, it is competent to hear and make an award under this submission, upon facts so offered to be proved by plaintiff, we respectfully ask to have the matter recommitted to us, on terms to be prescribed either by the court or ourselves."

*E. Merwin*, for the plaintiff.

*H. W. Bishop*, for the defendant.

SHAW, C. J. The court are inclined to the opinion, according to the argument of the plaintiff, that, by the reference of a cause by a rule of court, in the usual form, all technical exceptions to the form of the declaration, and the strict rules of proceeding, are waived by the mutual consent of the parties, on which the rule is founded, and by which the case, or cause of action, is referred and embraced in the submission. *Forseth* v. *Shaw*, 10 Mass. 253. And perhaps the question, whether any matter is or is not within the submission, is well tested by another, to wit, whether the same matter could be introduced by way of amendment, either by varying an existing count, or filing a new one ; because, if it is simply another mode of stating the same cause of action, it is admissible, otherwise not.

The case submitted was an action at common law, charging false representations that the defendant had funds, by reason of which the plaintiff summoned him as trustee, and he was discharged, having answered on oath that he had no funds. This was the cause of action sued for ; this was the case referred. When the arbitrators were satisfied that the action was not maintained by the proof, the plaintiff then desired to show that the defendant actually had funds, but falsely declared on oath that he had not. This is certainly a cause of action, and the same proof would warrant a conviction of perjury. Rev. Sts. *c.* 109, § 78. But it would not be

pursued in an action at common law, but by a special action on the case, given by the statute. No doubt both might be joined, by different counts, in the same action; because, when the plea, issue and judgment are the same, different causes of action may be joined in the same suit.

The distinction is often a nice one, and in this case it is not without difficulty; but the court are of opinion, with the arbitrators and the court of common pleas, that the claim of damages at common law, for a false representation that one has funds, when he has not, and a special action on the case for falsely affirming on oath that he has no funds, when he has, are not the same cause of action; and that a reference of the former does not embrace the latter. In the former, the law would give general damages, according to the loss the plaintiff may have sustained by the fraud; in the latter, the plaintiff is to recover of the defendant his whole debt, or so much of it as remains unsatisfied, out of the defendant's own goods and estate.

*Exceptions overruled, and judgment on the award, for the defendant.*