## CHURCH *v.* CLARKE.

In an action brought in the common pleas, which a justice of the peace has jurisdiction to try, costs will ordinarily be limited to the amount taxable before a justice, whenever it shall appear that the plaintiff has no reasonable expectation of recovering more than $13.33. But the limitation will not be imposed unless such want of reasonable expectation is made clearly to appear.

Where an auditor reported the sum of five dollars due the plaintiff, and disallowed his other claims to the amount of two or three hundred dollars, upon the ground that a settlement of the same had been made before suit brought, but it appeared that there was much conflicting evidence in regard to the settlement, and the auditor found it difficult to decide whether it was proved or not, and it appeared also that the defendant filed a set-off, and introduced evidence to sustain it—*Held,* that it did not clearly appear that the plaintiff had no reasonable expectation of recovering more than $13.33, and that a motion to limit costs should be overruled.

MOTION to limit costs. The action was *assumpsit* upon an account annexed to the writ, containing numerous items, one of which was for the wool of nine sheep, $5.

The claims were submitted to an auditor, who allowed the item for wool, and disallowed all the others, on the ground that the parties had settled them before the commencement of the suit. The auditor states that a great amount of conflicting testimony was put in, both in regard to the accounts between the parties and in regard to the transaction claimed by the defendant as a final settlement. The auditor was of opinion, and so found, that all matters in

dispute were settled between the parties, except the claim for wool, which he allowed.

Upon the coming in of the report, neither party elected to go to the jury, and the defendant moved that the costs be limited. In opposition to the motion the plaintiff filed the affidavit of the auditor, wherein he stated that, on the hearing of the case before him, the plaintiff offered evidence to sustain an account annexed to a writ, amounting to two or three hundred dollars. That the defendant filed an off-set to a large amount, and offered evidence to support the same. That the defendant also claimed that a settlement of all accounts between the parties was made December 5th, 1850, before the commencement of the suit, and offered evidence in support of it. That the plaintiff denied that any such settlement was made, and introduced witnesses to support his denial. That there was a good deal of conflicting testimony, and the auditor found some difficulty in deciding which way the preponderance of the evidence was, but finally came to the conclusion that the settlement was proved.

*D. & D. J. Clarke*, for the defendant.

We contend that the costs should be limited, because the plaintiff could have had no reasonable expectation of recovering more than $5, as the auditor finds he had settled the other items of his account before he brought his suit.

*Stanyan* and *Marston*, for the plaintiff.

This is not a case for the limitation of costs. The trial before the auditor occupied five days. We rely upon *Herrick* v. *Fuller*, 5 N. H. Rep. 248; and *Ames* v. *Cady*, 6 N. H. Rep. 59, as decisive of the question.

EASTMAN, J. In all actions commenced in the court of common pleas, if it appears that the plaintiff had no reasonable expectation of recovering more than thirteen dollars

and thirty-three cents, the court may limit the costs to such sum as they think reasonable. Rev. Stat. chap. 191 § 6.

Under this provision of the statute, it is the ordinary practice of the court to limit the costs in actions commenced in the common pleas, whenever it shall appear that the plaintiff had no reasonable expectation of recovering more than $13.33; and usually the limitation is to the amount of costs recoverable before a justice. The object of the statute and of the court is to discourage and discountenance the bringing of suits in the common pleas which might, with more propriety and with much less expense, be brought before a justice of the peace. *Pickering & a.* v. *Coleman*, 12 N. H. Rep. 148; *Barron* v. *Ashley*, 4 N. H. Rep. 249.

But this limitation will not be imposed unless it clearly appears that the plaintiff had no reasonable expectation of recovering more than $13.33. *Herrick* v. *Fuller*, 5 N. H. Rep. 247; *Ames* v. *Cady*, 6 N. H. Rep. 59.

Costs will not be limited merely because the plaintiff has consented to receive in satisfaction of his demand a less sum than $13.33, paid into court under the common rule. *Stevens* v. *Gibson*, 9 N. H. Rep. 106. As was remarked by *Richardson*, C. J., in that case, there are many cases in which a plaintiff might greatly prefer to take a less sum than he believed to be really due to him, rather than proceed further in the suit, in a particular manner where the amount in controversy is small, and it would be very hard to deprive him of his reasonable costs merely because he had been willing to take less than was due in order to be rid of the suit.

Neither will costs be limited in this State, although a different rule prevails in some other States, where the plaintiff, by reason of a set-off, recovers less than the amount fixed as the jurisdiction of a justice of the peace. *Burbank* v. *Willoughby*, 5 N. H. Rep. 111. Nor in that class of actions which a justice of the peace has no jurisdiction to try.

*Pritchard* v. *Atkinson*, 4 N. H. Rep. 291; *Brown* v. *Mathes*, 5 N. H. Rep. 229.

It is not the amount which the plaintiff shall recover, or which he shall consent to receive to terminate the suit, that is to decide the question, but the reasonableness of the expectation at the time the suit is commenced.

In the case before us, the auditor finds that there had been a settlement of the claims between the parties, with the exception of one item, before the suit was brought. Were there no dispute in regard to this fact, and did it clearly appear, beyond controversy, that a settlement had been made and the plaintiff knew it, the costs should undoubtedly be limited; for in such case the plaintiff could have had no reasonable expectation of recovering more than $13.33. But it appears that the plaintiff's claim consisted of quite a number of items, amounting to two or three hundred dollars; that the defendant filed an off-set to a large amount, and offered evidence to support the same; and that in regard to the settlement there was a good deal of conflicting testimony, and the auditor had some difficulty in deciding which way the balance of evidence preponderated, but finally came to the conclusion that the settlement was proved. Now upon these facts it does not appear to us by any means clear that the plaintiff had no reasonable expectation of recovering more than $13.33. If the defendant relied upon the settlement alone, as a matter well understood, he would not probably have filed his set-off, and introduced evidence to sustain it. It is not improbable, either, that the auditor may have found that to be a settlement which the plaintiff never understood to be one. If the settlement had not been found, and had the auditor simply stated the accounts between the parties and reported the sum of five dollars due the plaintiff, there could be no question about it; full costs would be recovered. And with the settlement found in the qualified manner in which it is, we are not sat-

isfied that the plaintiff had no reasonable expectation of re-covering beyond the five dollars, and the motion must be overruled.