AMBROSE SALISBURY *vs.* NATHAN MATTHEWS.

A general award upon a submission by rule of court is not affected by the filing of an amended count since the submission.

ACTION OF TORT for breaking and entering the plaintiff's close in Boston, and there breaking down a seawall and digging and piling up earth, and thereby letting in the sea and destroying the foundations of the plaintiff's house. After the case had been referred by rule of court, the plaintiff filed another count, alleging the breaking and digging to have been on land adjoining the plaintiff's. The referee made a general award for the plaintiff, which the defendant moved to set aside. *Bigelow*, J. overruled the motion, and gave judgment on the award. The defendant alleged exceptions.

*C. M. Ellis*, for the defendant. Judgment on divers counts for several causes of action, some good, some bad, would be bad ; and as it is not known on what count this award was made, judgment cannot be rendered upon it. *Kingsley* v. *Bill,* 9 Mass. 200, & cases cited in Rand's note. If this were a verdict, it would not support a judgment, and could not be amended. Minot's Dig. Amendment VII, & cases cited. The new count states no cause of action. *Thurston* v. *Hancock*, 12 Mass. 220. *Callender* v. *Marsh*, 1 Pick. 418.

*T. Willey*, for the plaintiff.

DEWEY, J. We perceive no sufficient reason for setting aside this award. This was, as we understand, a reference of the case in broad terms to a referee. This carried with it the case for which the plaintiff claimed damages, irrespectively of the precise technical form in which it was set out. Clearly one defective count would not vitiate a general award, if there was a good cause of action substantially set out in another. *Forseth* v. *Shaw*, 10 Mass. 253. *Page* v. *Monks*, 5 Gray, 492.

*Exceptions overruled.*