The opinion of the Court was drawn up by
Davis, J.
The suit in this case is in favor of the warden of the State Prison, against a contractor for the labor of the convicts. The writ was directed to the deputy warden, and was served by him; but his return does not show whether the service was made within the precincts of the prison.
The defendant appeared at the term of Court to which the writ was returnable, and, on the first day of the term, filed a motion in abatement, for want of sufficient service. He also filed an account in set-off on the same day.
The motion in abatement denies the authority of the warden, or his deputy, to serve the writ in this. case. The return does not show the place of service, except that it was in the county of Lincoln. If insufficient, it might have been amended according to the fact, so as to show whether the writ was served within the precincts of the prison.
The "precincts” embrace not only the prison buildings, but the grounds connected therewith, purchased by the State, under the Act of Feb. 8, 1823. The prisoners are not sentenced to solitary confinement. The statute provided that they should "be imprisoned, restrained, and employed, within the precincts of the prison.” Laws of 1824, c. 282. For the purposes of such employment, the warden may permit or require them to go to any part of the premises connected with the prison. Beyond these limits he has no right to let them pass, for any purpose; and, if he should do so, he would be liable to suffer the penalty for their escape.
It is within these precincts, thus defined, that the warden and his deputy have power to execute legal processes. Outside of these limits, they can neither attach property, make an arrest, nor deliver a summons.
*292 •Originally the warden had no power to appoint a deputy, except for the «ingle purpose of executing and serving processes. Laws of 1824, c. 282, § 7. Such deputy had no authority to act for the warden in any other matter. But, subsequently, provision was made for a deputy warden, with general powers, to be appointed by the warden, subject to the "approval” of the prison inspectors. The deputy so appointed was required to give bonds to the State for the faithful performance of his duty. Laws of 1830, c. 477. The statute is the same at the present time. The deputy warden is an officer of the State, as much as the warden. Though the warden appoints him, and is responsible for his acts, they both derive their authority from the same source. Neither acts as the agent of the other, but both as agents of the State.
But, if the warden had served the writ in this case himself, we are not prepared to say that the service would not have been good, — though of this it is unnecessary for us to express any opinion. It seems that, at common law, a sheriff might serve a writ in a suit in which he was the plaintiff; and such a service would be valid now, were it not for the statute prohibition. Merchants’ Bank v. Cook, 4 Pick., 405. Our statute gives the warden and his deputy power to serve all processes within the precincts of the prison ; and no exception is made of suits in which either is a party. If this power should be abused, it is for the Legislature to revoke it, or limit its exercise.
It is claimed that the statute was intended to authorize the warden and his deputy to execute processes only upon the inmates of the prison. But the power is not restricted as to the persons upon whom service can be made. The only limitation is one of locality; and, as in the case of a constable, service may be made upon any person within the prescribed limits. Blanchard v. Day, 31 Maine, 494.
We have thus given our opinion upon the general question of service by the warden and his deputy, as both parties have requested it, though it was not necessary in this *293 case. If the sufficiency of the service had arisen in a collateral proceeding, the return would have shown a service prima facie sufficient. Richardson v. Smith, 1 Allen, 541. But, if the service was defective, and the filing of the account in set-off was no waiver of the plea in abatement, of which we express no opinion, still, the subsequent agreement to submit the case to a referee, was a waiver of all formal defects in the writ, and in the service thereof. Forseth v. Shaw, 10 Mass., 253; Waterman v. Conn. Railroad Co., 30 Vermont, 610.
After the reference' was entered, the counsel for the defendant stated that the motion to dismiss was still to be heard by the Court. But such a statement could avail nothing. It does not appear that the counsel for the plaintiff assented to it. The agreement to refer was made a matter of record, unrestricted by any precedent motion, and uncontrolled by it. The defendant was bound by it; and the refusal of the presiding Judge, upon motion afterwards made, to discharge the rule, was an exercise of judicial discretion to which no exceptions could be taken.
The case must stand for a hearing before the referee agreed upon by the parties.
Tenney, C. J., Eice, May, Goodenow and Kent, JJ., concurred.