■ In the Matter of the Arbitration between ZEPHYR CONSTRUCTION Co., INC., Appellant, and BORO HALL CORP., Respondent.— Appellant, allegedly in accordance with a contract between the parties, moved for an order, pursuant to section 1450 of the Civil Practice Act, to direct respondent to proceed to an arbitration of certain disputes between them in accordance with the rules of the American Arbitration Association. Respondent, among other things, asserted that it had not refused to arbitrate but that, under the applicable provisions of the contract, the arbitration was to proceed before three arbitrators, one to be selected by each of the parties and the third to be selected by the other two so chosen. The Special Term held that a hearing was required, since an issue of fact existed as to whether or not respondent had refused to arbitrate and ordered a jury trial "(1) as to each dispute between the parties, before which body of arbitrators named in the contract, such dispute must be resolved, and (2) whether as to each dispute respondent, refused to proceed before the appropriate body of arbitrators". The appeal is from that order. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ In the Matter of the Arbitration between ZEPHYR CONSTRUCTION CO., INC., Respondent-Appellant and BORO HALL CORP., Appellant-Respondent.— Appeals from an order which (1) denied the motion of Zephyr Construction Co., Inc., to confirm an award of arbitrators directing Boro Hall Corp. to pay Zephyr $37,052.75 "in full settlement of all claims submitted to arbitration, by either party against the other", (2) granted Boro Hall's motion to vacate the award, and (3) remitted the matter to the same arbitrators "in order that an award

issue which shall be mutual, final and definite upon the subject matter submitted". Zephyr appeals from the entire order; Boro Hall appeals from so much of the order as remits the matter to the same arbitrators for correction of the award, instead of directing a new hearing before different arbitrators. The arbitration proceeding arose out of Zephyr's claim for extra work under a construction contract. Boro Hall asserted a claim for damages theretofore incurred and to be incurred thereafter, because of Zephyr's delay in completing the building as agreed. At the arbitration hearings, the parties stipulated that Zephyr's claim for compensation would include only that for work done, and materials furnished up to March 10, 1957. There was some dispute at the hearings as to whether under that stipulation the arbitrators were empowered to assess Boro Hall's damages, if any, for delay only up to March 10, 1957. It also appears that a payment in excess of $8,000, on account of Zephyr's claim for extra work, was made by Boro Hall subsequent to that date but prior to the hearings and award. The Special Term, in denying Zephyr's motion to confirm the award and directing that the matter be remitted to the same arbitrators so that the award could be clarified, held that it was impossible to determine from the face of the award whether the arbitrators had made their determination of Zephyr's claim up to the cut-off date of March 10, 1957, whether and to what extent they had allowed Boro Hall's claim, and whether Boro Hall had been credited with the payment made after March 10, 1957. Order affirmed, without costs. In our opinion the award was not, under the circumstances presented, "mutual, final and definite" and was properly vacated under subdivision 4 of section 1462 of the Civil Practice Act (cf. *Hiscock* v. *Harris*, 74 N. Y. 108, 113; *Matter of Kyne* [*Molfetas*], 3 A D 2d 384, 386). We are also of the opinion that the Special Term did not exceed or abuse its authority in remitting the matter to the same arbitrators for a correction of their award, rather than directing a rehearing (cf. *Matter of Kyne* [*Molfetas*], *supra; Matter of Trophy Handbags* v. *Craft Ind. Case Corp.*, 156 N. Y. S. 2d 45, affd. 3 A D 2d 733; *Blood* v. *Robinson*, 55 Mass. 389). Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.