McKensey *v.* McKensey.

---

NELLIE McKENSEY.

*v.*

ARTHUR McKENSEY.

[Filed November 2d, 1903.]

1. Under *P. L. of 1902 p. 507 § 19*, which provides that "pending a suit for divorce or nullity or after decree for divorce" it shall be lawful for the court of chancery to make orders for alimony, alimony may be awarded to a wife after a decree for divorce, though the petition and decree for divorce are silent on the subject.

2. "A divorce suit is practically kept open by our new statute after final decree and after enrollment of the decree for applications for orders for alimony and the maintenance of children, even though these matters have not been originally brought into the suit by the petition or bill, or by the final decree."

Application to amend decree for divorce so as to insert allowance of alimony.

McKensey *v.* McKensey.

*Mr. John I. Weller,* for the petitioner.

*Mr. Arthur McKensey, pro se.*

STEVENSON, V. C.

The petition presented now to the court shows that the petitioner obtained a decree of divorce from the defendant, on the ground of desertion, in September, 1902. The petition for divorce prayed for "counsel fees and alimony *pendente lite* and such further and other relief as might seem equitable and just." No application for alimony or counsel fees seems to have been made. The decree was silent on the subject of alimony and the petitioner alleges that she first learned of that fact in August, 1903, when she went to the office of her solicitors for the purpose of having them procure alimony for her from her former husband. The husband is alleged to have recently come into the possession of considerable property from his father's estate.

The prayer of the petition is that the decree of divorce may be amended "by inserting therein a direction to the said defendant to pay" the petitioner alimony and counsel fees. The petition also prays for such further and other relief in the premises as may be agreeable to equity and good conscience.

If the Divorce act now stood as it was revised in 1874 (*Gen. Stat. p. 1269 § 19*) there would be serious difficulties in dealing with the petitioner's case, all of which will appear by an examination of the opinion of Chancellor McGill, in *Lynde* v. *Lynde, 9 Dick. Ch. Rep. 473,* which was adopted by the court of errors and appeals. *10 Dick. Ch. Rep. 591.* Without looking, however, into the power of the court to amend a petition for a divorce and decree thereon in a case like this under the facts disclosed on this present application, in my opinion there is no reason why such a power should be exercised in order to give the petitioner all the relief to which she is entitled. By a slight change in the phraseology of section 19 of the Divorce act, as revised in 1902, an important change of practice was made in cases like *Lynde* v. *Lynde* and the one now before this court. The former law, as expressed in the original Divorce act of 1794

McKensey *v.* McKensey.

and re-enacted in the subsequent revisions of 1818, 1846 and 1874, provided (*Gen. Stat. p. 1269 § 19*) "that *when* a divorce shall be decreed" it should be lawful for the court of ·chancery to order alimony, &c.

The present statute (*P. L. of 1902 p. 507 § 19*) provides that "pending a suit for divorce or nullity, or *after* decree for divorce" it shall be lawful for the court of chancery to make orders for alimony, &c.

In my opinion the phraseology of this section of our Divorce act was changed for the purpose of affecting cases like *Lynde* v. *Lynde.* The wife, who sues a husband for divorce, is not obliged to pray for alimony or reserve her right to alimony in the decree for divorce. In large numbers of cases it is impossible for the wife to obtain any practical benefit by praying for alimony while she is suing for a divorce. If, after the divorce has been obtained, it becomes worth while to endeavor to compel the divorced husband to support his former wife, or his former wife and his children, whom he has wronged, there is no reason why the petition of the former wife should not then properly be presented in order to obtain the practical relief which has just come within her reach. In some cases, when the wife obtains a divorce, a prayer for alimony would be denied on account of the poverty of the husband or the wealth of the wife. Subsequently these conditions might be reversed. There is no reason why a wife, when suing for divorce, should be obliged to go through the form of praying for alimony to which she is not entitled, or which she cannot in fact obtain, merely for the purpose of saving her right to demand alimony at some future time when a change of conditions may establish her right to alimony or make an allowance of it a practical benefit to her.

The effect of the change of phraseology in our statute has been to reserve the right of the wife, who obtains a divorce from her husband, to alimony even though the petition for divorce and the decree itself are silent on that subject.

A divorce suit is practically kept open by our new statute after final decree and after enrollment of the decree for applications for orders for alimony and the maintenance of children, even though these. matters have not been originally brought

into the suit by the petition or bill or by the final decree. The construction which I put upon our revised statute, it seems to me, establishes a practice which accords with common sense and makes for simplicity and convenience in our divorce procedure. If technical rules of equity pleading must be considered in interpreting the changed phraseology of the act, it should be borne in mind that the allowance of alimony is not a distinct and independent form of relief administered in a suit brought for the purpose. It is a mere incident to a divorce suit which may or may not accompany a decree for divorce.

My conclusion is that this is not a case in which the record of the divorce suit should be in any way amended. If the petitioner is, at the present time, entitled to alimony or counsel fees, she can enforce her rights by a direct application to the court, inasmuch as such application will be made *after* she has obtained her decree for divorce, and the petition now presented is an ample basis for such application.

In view, however, of the narrow language of the notice of this motion served upon the defendant before any investigation is made of the petitioner's claim for alimony, further notice to the defendant must be given.