JOHN C. KRAFT, Appellant, v. EMMA KRAFT, Appellee.

**DIVORCE:** Alimony—Unallowable Modification.  The recipient of an
alimony decree who obtains a modifying order in the form of an
increased allowance will not, on a *subsequent* application, and with-
out any showing of change in circumstances, be allowed an addi-
tional sum to cover bills for support, when such bills were due and
payable when the modifying decree was obtained.

*Appeal from Audubon District Court.*—J. B. ROCKAFELLOW,
Judge.

APRIL 4, 1922.

ON May 28, 1920, defendant filed her third application, ask-
ing the court to direct plaintiff to pay $548.66, as an increase
in alimony and support for herself and the minor son of the
parties, and for attorney's fees.  After a trial, the court granted
the order in the amount of one half of the sums asked, and
decreed that said sum be distributed by paying each one of the
persons holding bills one half of their claims, and provided
that the parties holding such bills should receipt in full, so far
as any liability of the plaintiff on said accounts was concerned.
The order further provided that this was for the support of
defendant and the minor son, and was in addition to the amount
of alimony awarded in the original cause and the two prior
modifications; that this was made necessary by the increased
cost of living since the original decree.  The plaintiff appeals.—
*Reversed.*

*Mantz & White,* for appellant.

*L. Dee Mallonee,* for appellee.

PRESTON, J.—Because of the death of appellant, his ad-
ministrator is and has been substituted.  The parties hereto
had both been married before, and had families, as we under-
stand the record.  They had been married about two years when

they were divorced from each other. The original decree and the two prior orders modifying the same as to the amount of the alimony or support were not appealed from. The general scheme of the divorce decree as to alimony was not changed by either of the two prior modifying orders, nor was this done in the order from which this appeal is taken. In each of the orders the court simply increased the amount plaintiff should pay annually. The application in the instant case recites that the first modification of the original decree was on May 5, 1919, by which plaintiff was required to pay an additional amount of $15 per month for the support of defendant and the minor child, and that the second modification was made on April 29, 1920, and thereby the plaintiff was required to pay a still additional sum of $5.00 per week for the same purpose. It further recites that, prior to the last modification, the amounts so paid were inadequate and insufficient. It is further alleged, and defendant as a witness so testifies, that the decree as modified by the two prior orders will be sufficient for her support in the future, and for the support of her child; that such payments will not provide for the payment of bills that she had previously run; that the aggregate of said outstanding bills was and is $548.66, all of which was contracted for necessities, and which defendant is unable to pay. Attached to the application is an exhibit giving the names of five different creditors having bills against defendant for shoes, meat, clothing, coal, groceries, dry goods, etc. These bills represent running accounts, some of which commenced in 1917, a few months after the original divorce was granted, and which continue down to a date subsequent to the second order, April 29th; but the amount shown by the evidence to have been expended for the son, after the second order, amounts, so far as we are able to figure out, to but a few dollars, perhaps $5.00 or $6.00. Defendant was the only witness who testified on the hearing. She says that her health is no worse than it was six years ago; that she owns a house in Audubon; that plaintiff is an invalid, and not able to be in court, and has not been in town for more than a year. It is not shown that there has been any change in the financial condition of appellant. Defendant, as a witness, testifies that she kept a separate account of money expended for herself and for her child. She did not produce

such accounts, and the evidence does not show how much of the amount now claimed for was spent for her, and how much for the child. She does, however, testify as to some items expended for the child.

The original decree of divorce was granted June 18, 1917. It does not appear whether defendant filed a cross-petition, nor does the decree show or find who was the guilty party. It decrees an absolute divorce, and awards the custody of the minor child to the defendant. The original decree provides, among other things, that defendant is required to provide for the "care, keeping, and education of said minor child of the parties, so far as the income from the trust fund will permit of the support therefrom of the said minor child and the said defendant, said defendant being required to apply the *income* from the trust fund hereinafter designated, to the support of herself and child and the education of said child, so far as same will permit; but nothing herein contained shall relieve plaintiff from his legal liability to support said minor child after the exhaustion of the income from said trust fund. * * *'' It further provides that plaintiff pay to defendant alimony for the support of defendant and the minor, in the sum of $4,000, as provided later in the decree; that plaintiff shall pay said sum at any time within 6 years; and that, until said payment is made, plaintiff shall pay defendant interest thereon at the rate of 5 per cent per annum, payable semiannually; that plaintiff shall have the right to pay said $4,000 at any time during said period, provided that, before doing so, he shall give defendant 90 days' notice; that, when plaintiff shall pay said $4,000, same shall be paid to a trustee, and that jurisdiction shall be retained for that purpose; that it shall be the duty of the trustee to care for the fund, and to pay to defendant the net income during the trusteeship; that, should defendant die prior to the expiration of the trusteeship, then one fourth of said fund shall be paid to her administrators, and the remainder to the guardian of the minor child; that, in the event of the death of the child before the death of plaintiff, and within 16 years from the decree, then one half of the $4,000 is to become the absolute property of defendant, and the remaining one half, at said time, to become the property of plaintiff; that, at the expiration of 16 years

from the decree, said fund shall become the absolute property
of the defendant, unless the right has previously vested, in
accordance with prior paragraphs of the decree. In addition
to the $4,000 above awarded, plaintiff was required to pay de-
fendant, within 30 days, $200, for her support and the support
of the child. By the decree the court retained jurisdiction to
make such further orders as might be necessary to carry the
decree into effect. It seems to be conceded that the $200 last
mentioned was for the first year's support. The plaintiff elected,
and has so far elected, to pay the 5 per cent on the $4,000, or
$200 per year. Adding to this amount the $180 increase by the
first order and $260 by the second, makes $640 per annum that
plaintiff is required to pay. According to plaintiff's figures,
the amount is $536 per year; but in arriving at that amount, he
figures only $3.00 per week, under the second order. The ab-
stract recites that it is $5.00 per week. But taking appellant's
figures of $536, this is more than 13 per cent on the $4,000
fund, instead of 5 per cent. This leaves the $4,000 which appel-
lant is required to pay, under the provisions of the decree. It
may be conceded that the interest on this amount is not large,
under present living conditions; but there are other questions
to be considered, one of which is whether, under the circum-
stances, plaintiff is liable at all for the support of defendant,
after having paid, or being required to pay, a lump sum, or
division of his estate, upon the granting of the divorce. It will
be observed that, by the provisions of the decree, the appellant
is not relieved from the support of his minor son after the in-
come on the $4,000 is exhausted. If we could determine from
the record what part, if any, of the bills now in controversy
were for the support of the child, after the prior orders, we
would be disposed to allow that amount, provided it were further
shown that it was necessary, and that there had been a change
in the situation after such prior orders. The amount so ex-
pended, or bills contracted after the second order, is, as before
stated, trivial. By the original decree she was required to sup-
port the child out of the allowance, as far as it would go. We
take it that the larger part of the bills was for the support
of the defendant. We notice one item, an operation for goiter,
and hospital expenses, $201.50. Prior awards were for the

support of the child, and there is no showing that they were insufficient for that purpose. The only claim is that the awards were not sufficient for the support of both the child and the defendant.

The present application was begun about one month after the second order, of April 29, 1920, and is based upon the bills or accounts now in controversy, which were in existence at the time the first and second applications were made, and almost entirely so when the second application was made. The order in the instant appeal covered bills that were in existence when the second order was granted. There is no evidence to show that there has been any material change in conditions after the second order, of April 29th. Indeed, we do not understand appellant to claim that there was any such change. The claim is that there has been such a change since the original decree was entered. As said, it is conceded that the amounts awarded by the original decree and the two first modifications are sufficient, not only for the support of the child, but for defendant as well; but, as said, she is asking that bills contracted prior to the two former orders be now allowed as an additional sum, and that defendant be required to pay. It should have been said that, on the second application, defendant was allowed all that she asked. While appellant does not plead the former orders as adjudications,—and perhaps they are not strictly so,—he does plead the former orders, and alleges that it would be unjust to him to make any further allowance, under the circumstances. It appears to the writer that the prior orders come very close to being an adjudication. It seems to us that a person ought not to be harassed by applications of this character within a month or so after a prior order, which could have contained all that is now asked, has been had. This is simply trying by piecemeal what could and should have been included in the prior order.

It is contended by appellant that, by the original decree, appellee was awarded a lump sum as alimony, and that this amounts to a division of the estate, and that she is not entitled to support in addition, except as heretofore fixed in the decree and orders not appealed from. To meet this, appellee contends that the entire amount awarded as alimony, including the

$4,000, is for her support. We think the decree should not be
so construed. While the word "support" is used in different
parts of the decree, it is clear that whatever was to be paid her
for support was from the income of the $4,000, except, perhaps,
as to the first year's support, before there would be any interest
accrued. The effect of the decree was, we think, so far as
defendant is concerned, to award her a lump sum out of her
husband's estate. We held, in *Spain v. Spain*, 177 Iowa 249,
that the court has no inherent power to modify a decree of
divorce as regards alimony—no power to so modify, except for
such fraud or mistake as would justify a modification or change
of any judgment; and that a decree of divorce silent as to any
alimony cannot thereafter be so modified as to provide for ali-
mony, even though there is a showing of change in financial
condition. In the course of the opinion in the *Spain* case, the
court said that, at common law, and under ecclesiastical pro-
cedure, courts entertained such an action because there was no
such thing as an absolute divorce; that the divorce was from
bed and board, and little more than a legalized separation, with
the duty of the divorced husband to support his wife after the
divorce; and further, that, in this country, and especially in
this state, a divorce absolutely dissolves the marriage status, and
the duty to support no longer exists. Alimony is allowed in
such cases in lieu of dower and prior duty to support, and there
can be no review of the decree awarding it, or refusing, deny-
ing, or failing to award it, save for such fraud or mistake as
would authorize the setting aside or modification of any decree.
The matter was again discussed in *Barish v. Barish*, 190 Iowa
493. In *Carr v. Carr*, 185 Iowa 1205, 1211, we said that ordi-
narily a decree of divorce settles all the property rights and
interests of the parties in the property of each other. See, also,
*McCoy v. McCoy*, 191 Iowa 973.

We are inclined to the view that, where alimony is allowed
in a lump sum, as permanent alimony, or where there is a divi-
sion of the real property of the parties, as permanent alimony,
the statute does not authorize a change therein, except for such
reasons which would justify the setting aside or changing of a
decree in any other case; that the party awarded permanent
alimony is not entitled to permanent alimony and support both,

as claimed by defendant in the instant case. But other reasons have been hereinbefore stated why the order of the trial court cannot be sustained.

Under all the circumstances, we think that the order was erroneous, and it is—*Reversed.*

STEVENS, C. J., WEAVER and DE GRAFF, JJ., concur.