## COMMISSIONER OF INTERNAL REVENUE v. HYDE.

### No. 83.

Circuit Court of Appeals, Second Circuit.

March 2, 1936.

Frank J. Wideman, Asst. Atty. Gen., and J. Louis Monarch and Louise Foster, Sp. Assts. to Atty. Gen., for petitioner.

Campbell E. Locke, of New York City, for respondent.

Before MANTON, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

The question here presented, like that in the preceding case of Helvering, Commissioner, v. Brooks (C.C.A.) 82 F.(2d) 173, is whether the respondent is taxable on income paid to his divorced wife under an irrevocable trust created by him for her benefit.

On October 29, 1918, the respondent Hyde and his wife entered into an agree-

ment, which was apparently made in Paris, France. After reciting that Mrs. Hyde was living separate from her husband and was about to institute an action for divorce from him, the agreement provided, among other things, for the custody of the child, that the wife should bring an action for divorce before the Tribunal of the Seine based upon grounds of desertion only, that she would waive all dower or other rights, and that the husband should create a trust fund sufficient to pay her during her life an annual income of $30,000, which should be reduced to $15,000 in the event of her remarriage. It was provided that the agreement should be construed and interpreted according to the laws of the state of New York. On February 13, 1919, a decree of divorce was granted by the Tribunal of the Seine. It contained no provision for alimony or otherwise for the support or maintenance of Mrs. Hyde. On August 2, 1919, the respondent created a trust in accordance with the terms of the prior agreement. The trust indenture was signed by the divorced wife as well as by the settlor and contained a provision that she "hereby" relinquished all claims for alimony, dower, support, and maintenance and would execute any further instruments required to that end. The trust income paid by the trustee to Mrs. Hyde during 1929 and 1930 was treated by the commissioner as taxable income of the respondent for those years and deficiencies were assessed accordingly. The Board set them aside.

■■ Before the Board the taxpayer apparently contended only that an irrevocable trust established by a husband in favor of his divorced wife precluded the income distributable to her from being taxable to him, even though she had relinquished claims for alimony, dower rights, and support in connection with the creation of the trust. So the Board held; but this basis for the decision was destroyed by Douglas v. Willcuts, 296 U.S. 1, 56 S.Ct. 59, 80 L.Ed. ——. Consequently the taxpayer now tries to sustain it upon a new ground, which he earnestly contends makes the Douglas Case inapplicable. His argument runs as follows: The agreement of October, 1918, was a contract between husband and wife promoting their divorce; hence it was illegal and left unaffected the husband's duty to support his wife; such duty was terminated by the absolute decree of divorce which contained no provision for alimony; therefore the trust subsequently established was a voluntary gift and the trust income received by the wife discharged no obligation of the husband to his divorced wife.

Obviously the argument is highly technical. The husband has had the full benefit of the agreement, whether valid or not. But for his promise to create the trust, the wife would undoubtedly have asked for and obtained in her decree of divorce terms providing for alimony for herself and support for their child. Both parties have performed the agreement and equity would leave them where it finds them, even if the agreement were illegal. See Schley v. Andrews, 225 N.Y. 110, 113, 121 N.E. 812. The trust indenture itself contains a relinquishment by the wife of all claims for support and dower and an agreement by her to execute such further instruments as may be necessary to effectuate such relinquishment. Under such circumstances to hold that the trust was established as a voluntary gift and that the trust income has not been used to satisfy the husband's obligation of support would be to close one's eyes to the realities. In substance the situation is no different than in Helvering, Commissioner, v. Brooks.

■ But even on the technical basis on which the taxpayer's argument is presented we think it fallacious. He has assumed that validity of the contract is to be determined by the law of New York. Accordingly, he has cited section 51 of the New York Domestic Relations Law (Consol. Laws, c. 14), which provides that "a husband and wife can not contract to alter or dissolve the marriage," and has relied upon such cases as Schley v. Andrews, 225 N.Y. 110, 121 N.E. 812, and Lake v. Lake, 136 App.Div. 47, 119 N.Y.S. 686. These, among other authorities, declare the law of New York to be that a contract having a direct tendency to promote divorce is contrary to public policy and unenforceable. But the line is not easily drawn between such illegal contracts and valid agreements made while the parties are separated, which contemplate a divorce but are not shown to be an actual inducement to severing the marital relation. This is well illustrated by the recent decision in Butler v. Marcus, 264 N.Y. 519, 191 N.E. 544. In that case the husband and wife, while living apart, entered into an agreement wherein provision was made for the wife's support. It contained the con-

dition that if the parties were still married a year later, the contract should no longer be binding; but if either should have obtained a divorce, its provisions were to continue in effect. After obtaining a divorce in Nevada the wife brought suit to enforce payment under the contract. The defendant set up in defense that when the contract was made no action for divorce or separation was pending, and that the contract was contingent upon severance of the marriage and hence void. This answer was stricken and summary judgment awarded the plaintiff. The judgment was affirmed without opinion in 239 App. Div. 912, 265 N.Y.S. 951, two judges dissenting on the ground that. Schley v. Andrews, supra, required reversal of the judgment and dismissal of the complaint. Despite the dissent, the Court of Appeals affirmed without opinion. In the case at bar the agreement recited that the spouses were already separated and the wife was about to institute an action for divorce. We should hesitate to hold, in the absence of controlling authority, that an agreement, made under such circumstances, limiting the divorce action which the wife intended to bring to a specific tribunal and to the allegation of a single specified ground and providing for a settlement of the property and personal rights of the parties in anticipation of such a divorce, contravened the public policy of New York or violated section 51 of the Domestic Relations Law. The cases do not appear to require such a holding. Compare Clark's Trustee v. Fosdick, 118 N.Y. 7, 22 N.E. 1111, 6 L.R.A. 132, 16 Am.St.Rep. 733; Butler v. Marcus, 264 N.Y. 519, 191 N.E. 544.

 Furthermore, we cannot accept the taxpayer's assumption that the validity of the contract must be determined by the law of New York. Apparently the agreement was made in France, and many of its provisions were to be performed there. The recitation that it was to be "construed and interpreted" by the law of New York cannot be taken as an expression of inten-

tion that its validity was to be governed by that law; nor would such intention, if expressed, be controlling. It can only mean that the meaning and effect to be given the terms of the contract were to be governed by New York law. The legality of a contract is to be determined by the law of the place where it is made. Am.Law Inst. Restatement, Conflict of Laws, § 347; E. Gerli & Co. v. Cunard S..S. Co., 48 F.(2d) 115, 117 (C.C.A.2). The taxpayer had the burden of proving that the deficiency assessed by the commissioner was illegal. Helvering v. Taylor, 293 U.S. 507, 515, 55 S.Ct. 287, 79 L.Ed. 623; Wickwire v. Reinecke, 275 U.S. 101, 105, 48 S.Ct. 43, 72 L.Ed. 184. Hence it devolved upon him to establish the soundness of the premises upon which rests his conclusion that the assessment was wrong; that is, he had to show that by the law of France the agreement was illegal and void and that the decree of divorce irrevocably ended the wife's right to support. He made no proof whatever as to the French law. We cannot take judicial notice of that law, nor, since the civil law is the basis of French jurisprudence, can we presume that the French law is the same as our common law, nor apply the law of the forum. See Dainese v. Hale, 91 U.S. 13, 20, 23 L.Ed. 190; Cuba R. Co. v. Crosby, 222 U.S. 473, 479, 32 S.Ct. 132, 56 L.Ed. 274, 38 L.R.A. (N.S.) 40; E. Gerli & Co. v. Cunard S. S. Co., 48 F.(2d) 115, 117 (C.C.A.2); Thompson v. Ketchum, 8 Johns. (N.Y.) 189, 5 Am.Dec. 332; Crashley v. Press Pub. Co., 179 N.Y. 27, 32, 71 N.E. 258, 1 Ann.Cas. 196; Leach v. Pillsbury, 15 N.H. 137; Male v. Roberts, 3 Esp.N.P. 163; Kales, Presumption of Foreign Law, 19 Harv.L. Rev. 401. Therefore the taxpayer has failed to prove the syllogism involved in his argument. His conclusion that the subsequently established trust could not 'satisfy any obligation of the taxpayer to his divorced wife has not been established, nor has the rule of Douglas v. Willcuts been shown to be inapplicable.

The order of the Board is reversed.