**HELVERING, Com'r of Internal Revenue, v. BROOKS.**

**No. 5.**

Circuit Court of Appeals, Second Circuit.

March 2, 1936.

Frank J. Wideman, Asst. Atty. Gen., and J. Louis Monarch, Norman Keller, and L. W. Post, Sp. Assts. to Atty. Gen., for petitioner.

Jacob Mertens, Jr., of New York City (Marshal Stearns, of New York City, of counsel), for respondent.

Before MANTON, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

On June 4, 1930, the respondent Brooks created an irrevocable trust which provided for the payment to Mrs. Brooks during her life of $12,000 a year out of the trust income. She was then suing her husband for divorce in Florida, and in that proceeding a decree of divorce was entered on June 5th. The decree contained no provision as to alimony or property rights of the wife. It is stipulated, however, that the husband and wife had agreed upon the trust indenture as a settlement of their property rights "arising from the relationship of the marriage." Out of the trust income for 1930 the trustee paid the divorced wife $6,866.67. This sum the commissioner included as taxable income of the respondent for the year 1930, but the Board reversed his ruling.

The Board's decision was rendered prior to the Supreme Court's opinion in Douglas v. Willcuts, 296 U.S. 1, 56 S.Ct. 59, 60, 80 L.Ed. ——, which the commissioner contends is conclusive in his favor. The taxpayer argues that there is a distinction between an agreement to pay alimony and an agreement for the settlement of property rights between husband and wife. The asserted distinction is without substance on the present issue. Whether the trust income is used to discharge the husband's duty, made specific by agreement, to support the wife, or to discharge an obligation to pay her agreed sums for a release of rights in his property, cannot be material in determining the taxability of the husband. The creation of a trust the income of which is to be used to discharge any legal obligation of the settlor enables him to enjoy the benefit of the income; hence the income is properly taxable to him. Compare Helvering v. Blumenthal, 296 U.S. 552, 56 S.Ct. 305, 80 L.Ed. ——; Helvering v. Schweitzer, 296 U.S. 551, 56 S.Ct. 304, 80 L.Ed. ——; Helvering v. Stokes, 296 U.S. 551, 56·S.Ct. 308, 80 L. Ed. ——; Helvering v. Coxey, 297 U.S. ——, 56 S.Ct. 498, 80 L.Ed. ——, all of which have been recently decided on the authority of Douglas v. Willcuts. Indeed, in the Douglas Case itself the trust provisions for the wife were in settlement not

only of alimony but also "of any and all dower rights or statutory interests in the estate" of the husband, and the court pointed out (296 U.S. 1, at page 8, 56 S.Ct. 59, 62, 80 L.Ed. ——) that this did not affect the essential quality of the payments.

On the authority of the cases above cited, the order of the Board is reversed.