## GLENDINNING et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 6690.

Circuit Court of Appeals, Third Circuit.

May 26, 1938.

William H. S. Wells and Maurice B. Saul, both of Philadelphia, Pa. (Saul, Ewing, Remick & Saul, of Philadelphia, Pa., of counsel), for petitioners.

James W. Morris, Asst. Atty. Gen., and Sewall Key and Lee A. Jackson, Sp. Assts. to Atty. Gen., for respondent.

Before DAVIS and BIGGS, Circuit Judges, and DICKINSON, District Judge.

DICKINSON, District Judge.

The sole question presented is whether income from a trust fund created by the taxpayer is taxable to him or to the beneficiaries of the trust to whom paid.

The taxpayer was under an order of a Domestic Relations Court to pay an allowed sum to his then wife. As a substitute for the order and in its relief he created a trust fund providing (inter alia) for the payment to the wife during her life of a portion of the trust fund income. A divorce was subsequently granted. The husband taxpayer excluded from his taxable income that part of the trust income paid to the wife after her divorce. The Commissioner included this income as taxable income to the taxpayer. The Board of Tax Appeals sustained the Commissioner. The taxpayer now asks that this ruling of the Board be reviewed and reversed.

### Discussion.

The ruling is based on a very narrow ground. If the trust fund was a gift of its creator, the income derived therefrom is the income of the donees, not of the donor. If the trust was the payment of a debt of the creator the income is taxable to him as his income paid to his divorced wife. Under the law of Pennsylvania this taxpayer was under no legal obligation to pay his divorced wife anything by way of alimony or otherwise. The law however permits and upholds an agreement by the husband to pay. There is then an obligation, not imposed by law, but self imposed, to pay. The Board held that the trust agreement created the obligation to pay. The question before us is thus reduced to that of whether any obligation to pay after divorce is found in the trust agreement. The trust created is expressly stated to be a substitute for the support order which was to be thereby

superceded. The agreement was to pay to the wife "for and during her natural life" her portion of the net income and was to continue in force after and notwithstanding a divorce should be granted. This was beyond the requirement of the Court order but none the less the agreement of the taxpayer. Thereafter there was an obligation to pay for life. The distinction is that the income from a gift is the income of the donee but the income from a trust fund put up to meet an obligation of the creator of the trust, is the income of the debtor. Alsop v. Commissioner, 3 Cir., 92 F.2d 148.

The income of the trust fund was here the income of the donor paid over to the wife by his direction.

The Petition for Review is denied and the order of the Board affirmed.