## DONNELLEY v. COMMISSIONER OF INTERNAL REVENUE.

### No. 6641.

Circuit Court of Appeals, Seventh Circuit.

Feb. 7, 1939.

Preston Boyden, Theodore Hardeen, Jr., and Charles R. Sprowl, all of Chicago, Ill., for petitioner.

James W. Morris, Asst. Atty. Gen., and Sewall Key and Robert N. Anderson, Sp. Assts. to Atty. Gen., for respondent.

Before EVANS, MAJOR, and KERNER, Circuit Judges.

MAJOR, Circuit Judge.

This is a petition for review of a decision of the United States Board of Tax Appeals entered January 19, 1938, determining a deficiency in petitioner's income tax for the year 1932 in the amount of $4,638.97. The case presents the question of the liability of a beneficiary of a testamentary trust for a tax upon the income which he had assigned to his wife, prior to the tax year and which the trustee had paid to her accordingly, in lieu of alimony and in settlement of all property rights, including dower, which she might have or claim to have in his property.

The trust was created by the last will and testament of petitioner's mother, one-half to be transferred to him upon attaining the age of 35 years and "The remaining one-half of said part of my trust estate shall be transferred or conveyed to the Northern Trust Company, of Chicago, Illinois, as Trustee (hereinafter referred to as 'Corporate Trustee'), to be held in trust for and during the life of my said son, and said Corporate Trustee shall thereafter pay to my said son during his life, in quarterly payments, the entire net income from said trust fund."

The petitioner was authorized, after reaching the age of 25 years, by will, to dispose of the property left in trust as aforesaid and in the event that the same was thus undisposed of, then the trust, upon petitioner's death, was to be distributed among his lawful heirs. Prior to the time the petitioner attained the age of 35 years, pursuant to the provision heretofore quoted, one-half of the principal and accumulated income of the trust established for him was transferred to the Northern Trust Company of Chicago, Illinois, to be held in trust, the entire net income therefrom to be paid the petitioner during his life, and was so paid until April, 1931, during which month the petitioner entered into an agreement with his wife, from whom he had been separated since February, 1929.

In April, 1931, petitioner's wife decided to apply for a decree of divorce from him, but prior thereto, a settlement agreement was entered into. By this agreement, petitioner agreed, among other things, to convey to his wife a residence having a value of $104,000, to purchase for her memberships in certain clubs, to convey to her the automobiles and furniture situated on the residence property, and to assign to her, to the extent of $30,000 a year, his right to receive the income produced by the trust aforesaid. It was provided that in the event the income from this trust should in any one year fall below $30,000, he would make up the difference from other income. Petitioner also agreed to execute and leave a last will and testament in conformity with the power of appointment conferred upon him by his mother's will, in such a manner as to as-

sure his wife the continuation of the income from this trust during her life, and to make provision in the event the income therefrom should not be sufficient to provide the $30,000 annually, that any difference should be paid by his estate. The agreement also provided that in the event of a divorce proceeding, this settlement agreement should be called to the attention of the court with the request that it be approved.

On April 13, 1931, petitioner and his wife were divorced by a decree of the Circuit Court of Lake County, Illinois, in which decree the court, after noting that pursuant to an "adjustment and settlement, the parties to this cause did on or about the 9th day of April, 1931, make and enter into a written agreement relating to the property rights of the complainant and the defendant, and the amount to be paid by the defendant to the complainant herein for alimony for her support and maintenance, which agreement, by its terms, provides that it is to be sanctioned by the court in which such decree might be entered," found among other things that the agreement was fair and equitable in view of the property of the defendant, the needs of the complainant and their situation in life. Thereupon, the court ratified, approved and confirmed said agreement and decreed that it should be enforced according to its terms.

Pursuant to the terms of the agreement of April 9, 1931, and the decree of April 13, 1931, the petitioner delivered the following assignment to his wife: "Know All Men By These Presents; that I, Thorne Donnelley, * * * in consideration of * * * by these presents do sell, assign, transfer, and set over unto the said Helen Pauling Donnelley, all of the interest, dividends, and income hitherto due and unpaid, and to accrue and become payable during my life from, or in respect of, that certain trust fund held by The Northern Trust Company, as Trustee * * * to the extent of * * * ($30,-000) per annum, said The Northern Trust Company to pay to the said Helen Pauling Donnelley, on the same basis * * * that they are obligated and directed under the said Last Will and Testament to pay to me as original beneficiary."

Petitioner subsequently notified the Northern Trust Company of such assignment to his wife, which was to be effective "as long as she and the undersigned

shall both be living; upon her death while I am living, all right to receive said income is to revert to me, * * * the excess income, if any, of said trust fund, in any year to be paid to me." In further compliance with the terms of the agreement of April 9, 1931, the petitioner executed a last will and testament in which he provided for his wife the agreed income from the corpus of the trust during her lifetime. In the event this provision should be insufficient, petitioner also provided for a trust from the available assets of his estate in favor of his wife so as to yield her the annual income agreed upon.

During the taxable year, 1932, the total income produced by the trust created in his favor by petitioner's mother, amounted to $15,499.25, which was paid to petitioner's wife by the Northern Trust Company pursuant to the assignment. The Board of Tax Appeals sustained the determination of respondent that this sum was taxable to the petitioner, and it is this conclusion we are called upon to review.

It is apparent that subsequent to his 35th birthday, petitioner was entitled to receive the income from the trust estate created in his favor by his mother's will, and that, when received by him, it would have been subject to tax. The question then arises as to whether the assignment of that income, under circumstances heretofore related, relieved him of the burden thus imposed. This question arising under a variety of circumstances has heretofore afforded the source of many controversies and conflicting views among the various courts and the Board of Tax Appeals. The question seems to have been definitely determined, however, by the Supreme Court in Douglas v. Willcuts, 296 U.S. 1, 56 S.Ct. 59, 80 L.Ed. 3, 101 A.L.R. 391. The case, in many respects,—in fact, in all essential respects, is almost identical with the facts here presented. There an agreement was made between a husband and wife for annual payments to be made from the income of a trust created by the husband. The parties stipulated that the provisions for the wife were "in lieu of, and in full settlement of alimony, and of any and all dower rights or statutory interest in the estate," of her husband and "in lieu of any and all claims for separate maintenance and allowance for her support." [page 60.] The agreement, as here, was later incorporated in and made part of a divorce decree entered in the

state court. There, as here, the taxpayer sought to make a distinction between what is referred to as a property settlement and the mere payment of alimony. In disposing of this contention the court on page 8, 56 S.Ct. on page 62, said: "Petitioner's contention that the district court did not award alimony is not supported by the terms of the decree. It described the provision as made 'in lieu of all other alimony or interest in the property or estate of the defendant.' However designated, it was a provision for annual payments to serve the purpose of alimony, this is, to assure to the wife suitable support. The fact that the provision was to be in lieu of any other interest in the husband's property did not affect the essential quality of these payments. Upon the pre-existing duty of the husband the decree placed a particular and adequate sanction, and imposed upon petitioner the obligation to devote the income in question, through the medium of the trust, to the use of his divorced wife."

Petitioner also seeks to distinguish this case on the grounds that there the trust was created by the taxpayer himself, while here it was established by the petitioner's mother. How this difference could affect petitioner's liability, we are unable to discern. This distinction, however, has also been determined contrary to petitioner's contention under circumstances very similar to those here presented.

In Helvering v. Coxey, 297 U.S. 694, 56 S.Ct. 498, 80 L.Ed. 986, a testamentary trust was created by the taxpayer's father, the income of which was to be paid to the taxpayer during the term of his natural life. The income was later assigned to his wife and children for their support and maintenance and for the wife's release of her dower rights in the taxpayer's property. The income was paid direct to the wife. The Board of Tax Appeals determined the income thus paid the wife was no longer a part of the taxpayer's income on the theory that he had made an irrevocable assignment. The decision of the Board was affirmed in, 3 Cir., 79 F.2d 661, and reversed by the Supreme Court in Helvering v. Coxey, supra, without opinion, upon the authority of Douglas v. Willcuts, supra; Helvering v. Schweitzer, 296 U.S. 551, 56 S.Ct. 304, 80 L.Ed. 389; Helvering v. Blumenthal, 296 U.S. 552, 56 S.Ct. 305, 80 L.Ed. 390; and Helvering v. Stokes, 296 U.S. 551, 56 S.Ct. 308, 80 L. Ed. 389. All of these cases were reversed by the Supreme Court without opinion.

The Schweitzer Case, Schweitzer v. Com'r of Int. Rev., 7 Cir., 75 F.2d 702, was decided by this court. There the taxpayer created a trust, the income of which was paid to his minor children. We reversed the Board, holding that the taxpayer was not burdened with the income from the trust thus created, and in turn, our conclusion was reversed by the Supreme Court.

The Stokes Case, Com'r of Int. Rev. v. Stokes, 3 Cir., 79 F.2d 256, is another case where a trust was created, the income of which was used for the maintenance, education and support of minor children. The Board determined that the income derived from the trust fund was not taxable to the settlor. The court affirmed the Board, which decision likewise was reversed by the Supreme Court.

The Blumenthal Case, Blumenthal v. Com'r of Int. Rev., 2 Cir., 76 F.2d 507, is perhaps a more extreme illustration of the extent to which the court has recently gone in holding that a taxpayer can not relieve himself of the tax burden where the income from a trust created in his favor is assigned in payment or discharge of an obligation. There the taxpayer created a trust consisting of certain preferred stock and in which the trustees were precluded from paying any part of the income to the settlor, but were directed to apply such income on settlor's bank loan. The Board held that such income was taxable to the trust settlor. The Court of Appeals reversed the Board and in turn was reversed by the Supreme Court.

There are other authorities contrary to petitioner's contention that a distinction must be made between cases where the trust income is payable to the wife in discharge of the alimony obligation and those for the release of the wife's rights in the husband's property. Helvering v. Brooks, 2 Cir., 82 F.2d 173, is such a case. The court on page 173 said: "Whether the trust income is used to discharge the husband's duty, made specific by agreement, to support the wife, or to discharge an obligation to pay her agreed sums for a release of rights in his property, cannot be material in determining the taxability of the husband. The creation of a trust the income of which is to be used to discharge any legal obligation of the settlor enables

him to enjoy the benefit of the income; hence the income is properly taxable to him."

Another case by the same court to the same effect is Commissioner v. Hyde, same volume, page 174.

In Alsop v. Commissioner, 3 Cir., 92 F.2d 148, the court, in discussing such an asserted distinction, on page 150 said: "Whatever this agreement may be called, 'a family settlement' or anything else, it was 'in lieu of alimony' for her entire life, remarried or otherwise."

■ In view of these authorities, it seems the question is no longer susceptible of dispute but that either the settlor or beneficiary of a trust who assigns the income therefrom, otherwise payable to him, to his wife or minor children in discharge of an obligation which the law imposes upon him, is liable to an income tax thereon the same as though the income had been paid directly to him, and it also seems settled, although not so certain perhaps, that he is likewise liable for such tax where it is assigned in the discharge of any character of obligation irrespective as to whether that obligation is fixed by law or his own agreement or contract. The theory seems to be a sound one that the taxpayer, under such circumstances, by using the income in the discharge of his obligation, is benefited in the same manner and to the same extent as though the income was received directly by him.

Petitioner places great stress upon the case of Blair v. Commissioner, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465, and insists that this opinion is controlling in the instant situation rather than the cases which we have referred to and discussed. True, in some of its features, it presents a similar situation. There a testamentary trust was created by a father, the income of which was to be paid to his son during his lifetime. The son assigned certain interests in the trust to each of four children. The beneficiary sought to escape tax liability upon the interest thus assigned on the theory that the assignment conveyed not only the income from the trust, but included a portion of the corpus itself. This court (83 F.2d 655) ruled contrary to the taxpayer's contention, which ruling was reversed by the Supreme Court. That court on page 13, 57 S.Ct. on page 333, said: "The will creating the trust entitled the petitioner during his life to the net income

of the property held in trust. He thus became the owner of an equitable interest in the corpus of the property. * * * The beneficiary may thus transfer a part of his interest as well as the whole."

Petitioner argues that the same conclusion must be reached in the instant case; that is, that the assignment amounted not only to a conveyance of the income, but a portion of the corpus itself. Assuming this argument to be sound, we think the case is distinguishable upon other grounds. In the Blair Case no contention was made that the assignments by the trust beneficiary were in the discharge of any obligation. The opinion does not disclose, but we assume the assignees were adults and that the interest assigned constituted a gift. In view of the authorities heretofore cited and discussed, we are of the opinion that the absence of any obligation on the part of the assignor to the assignees clearly distinguishes the Blair Case from the instant one, as well as those cases in which the presence of obligation has been held to be the controlling factor. If we were in doubt concerning such distinction, the same is dispelled by what the court said in the Blair Case on page 11, 57 S.Ct. on page 333: "Nor is it a case of income attributable to a taxpayer by reason of the application of the income to the discharge of his obligation. Old Colony Trust Co. v. Commissioner, 279 U.S. 716, 49 S.Ct. 499, 73 L.Ed. 918; Douglas v. Willcuts, 296 U.S. 1, 9, 56 S.Ct. 59, 62, 80 L.Ed. 3, 101 A.L.R. 391; Helvering v. Stokes, 296 U.S. 551, 56 S.Ct. 308, 80 L. Ed. 389; Helvering v. Schweitzer, 296 U. S. 551, 56 S.Ct. 304, 80 L.Ed. 389; Helvering v. Coxey, 297 U.S. 694, 56 S.Ct. 498, 80 L.Ed. 986."

A recent case where a husband created a trust fund for the benefit of his wife and sought to escape tax liability from the income paid her on the theory that it constituted a gift rather than the discharge of an obligation is that of Glendinning v. Commissioner, 3 Cir., 97 F.2d 51. The court, in denying such contention on page 52 said: "The distinction is that the income from a gift is the income of the donee but the income from a trust fund put up to meet an obligation of the creator of the trust, is the income of the debtor."

We conclude the Board of Tax Appeals decided the case correctly and its decision is affirmed.