### FITCH v. COMMISSIONER OF INTERNAL REVENUE.

#### No. 11306.

Circuit Court of Appeals, Eighth Circuit.

April 25, 1939.

A. F. Schaetzle, of Des Moines, Iowa, for petitioner.

Louise Foster, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief) for respondent.

William D. Mitchell, of New York City, Harold B. Tanner, of Providence, R. I., and Rollin Browne, of New York City, amici curiæ.

Before GARDNER and WOODROUGH, Circuit Judges, and OTIS, District Judge.

GARDNER, Circuit Judge.

This case is before us on petition for review of a decision of the United States Board of Tax Appeals determining a deficiency in income taxes against the petitioner for the year 1933, in the sum of $1,555.58. The facts were stipulated, and hence, are not in dispute.

Petitioner, a resident of Des Moines, Iowa, is the divorced husband of Lettie S. Fitch, to whom he was married in 1892. They lived together as husband and wife until 1917, at which time they separated. On December 27, 1922, Lettie S. Fitch filed a suit for separate maintenance against petitioner. This suit was dismissed on April 7, 1923, after the parties had agreed upon a settlement. In accordance with the settlement, petitioner leased certain premises owned by him to the F. W. Fitch Company for ninety-nine years, at an annual rental of $12,000, and on April 23, 1923, joined his wife and the Bankers Trust Company as trustee, in the execution of a trust agreement, under which the trustee took title to the premises and an assignment of the lease to collect the rents and, after deduction of expenses, to pay to Lettie S. Fitch $600 a month during her life, and the balance of the annual income to the petitioner during his life. Provision was made further for the duration of the trust during the lifetime of both petitioner and Lettie S. Fitch and in any case for at least fifteen years, and for distribution of the income to the children of petitioner and his wife in case either should die prior to the termination of the minimum period. Petitioner irrevocably alienated the corpus, as well as any right to receive $600 per month provided for Lettie S. Fitch in favor of her and the children. Provision was made that upon the termination of the trust period, the corpus should be paid over to the children or their lineal descendants.

On April 14, 1925, Lettie S. Fitch filed a suit for divorce against petitioner in the District Court of Polk County, Iowa, alleging cruelty, desertion and failure to provide for her and a minor child in a proper manner. In his answer, petitioner alleged inter alia, that he had created the above described trust for her benefit in settlement of the prior suit for maintenance and that "She is now and was receiving this $600.00 per month at the time she filed her petition herein, claiming that the defendant had failed to provide for her and for the minor child in a proper manner," and that "This constituted and now constitutes a full and complete settlement and gives to the plaintiff an amount in excess of what she is in equity entitled to, and the plaintiff, at the time orally agreed with the defendant that the amount given her was sufficient for all time, and that plaintiff and defendant should go their respective ways without interference with each other." On December 17, 1925, the court entered a decree, granting the wife an absolute divorce and the custody of the minor son, and further adjudging, "That the trust agreement which is referred to in the defendant's answer * * * be, and the same is hereby ratified and confirmed by the court; and that the property and alimony settlement made by the parties be, and it is hereby confirmed by the court."

Pursuant to this decree, petitioner transferred to Lettie S. Fitch 600 common shares of the F. W. Fitch Company, which, on December 31, 1925, had a book value of $77,959.80, and paid to her attorney the sum of $23,500, of which she received $8,500, the balance representing counsel fees and expenses.

During 1933, the trustee under the trust above described, distributed to Lettie S. Fitch $7,128, which the commissioner included in petitioner's taxable income. As forecast, the board upheld the commissioner, and the case is here on petition to review. It is the contention of petitioner: (1) That the trust agreement resulted in the conveyance of an irrevocable life interest to his former wife in discharge of his marital obligation; (2) that this in effect constituted a lump sum settlement made in connection with divorce proceedings; (3) that by reason of the execution of this trust agreement and its adoption and confirmation by the court, the petitioner was under no legal obligation or liability for the support of his divorced wife during the tax year in question, and hence, the income received by his wife was not taxable to him.

Whether or not petitioner was under any legal liability for the support of his wife during the tax year depends upon the construction to be given the contract and the effect of the decree under the laws of the State of Iowa. The jurisdiction of the Iowa court in the divorce proceeding is not questioned. The provisions of the Code of Iowa relative to alimony are as follows:

"Section 10480. Showing. In making such orders [i. e. reference to maintenance during litigation and attachment], the court or judge shall take into consideration the age and sex of the plaintiff, the physical and pecuniary condition of the parties, and such other matters as are pertinent, which may be shown by affidavits, in addition to the pleadings or otherwise, as the court or judge may direct."

"Section 10481. Alimony—Custody of children—changes. When a divorce is decreed, the court may make such order in relation of the children, property, parties, and the maintenance of the parties as shall be right."

■ In the instant case, the parties settled their property rights out of court and this settlement was confirmed in the court's decree. Under this settlement there were transferred to Lettie S. Fitch 600 shares of the common stock of the F. W. Fitch Company, having a book value of $77,959.80, and there was paid to her attorney the sum of $23,500. In addition to this, she was given a life interest in the trust property to the extent of $600 per month, less administration expenses. She had previously received from her husband a home which he purchased for her in 1919, furnishings for said home, and an automobile. At the time of the granting of the absolute divorce she, therefore, had this separate property, and under these circumstances a lump sum settlement was made by which she acquired the above described stock and cash to the amount of $23,500. When, therefore, the decree of absolute divorce was entered, the obligation for further support was discharged. Kraft v. Kraft, 193 Iowa 602, 187 N.W. 449; Spain v. Spain, 177 Iowa 249, 158 N.W. 529, L.R.A.1917D, 319, Ann.Cas.1918E, 1225; Barish v. Barish, 190 Iowa 493, 180 N.W. 724; Carr v. Carr, 185 Iowa 1205, 171 N. W. 785; McCoy v. McCoy, 191 Iowa 973, 183 N.W. 377.

In Kraft v. Kraft, supra, the court, among other things, said [193 Iowa 602, 187 N.W. 451]: "The effect of the decree was, we think, so far as defendant is concerned, to award her a lump sum out of her husband's estate. We held in Spain v. Spain, 177 Iowa 249, 158 N.W. 529, L.R.A.1917D, 319, Ann.Cas.1918E, 1225, that the court has no inherent power to modify a decree of divorce as regards alimony, nor power to so modify, except for such fraud or mistake as would justify a modification or change of any judgment, and that a decree of divorce silent as to any alimony cannot thereafter be so modified as to provide for alimony, even though there is a showing of change in financial condition."

In McCoy v. McCoy, supra, in an opinion by Chief Justice Evans, it was said [191 Iowa 973, 183 N.W. 378]: "The general ground upon which these holdings are based was that alimony is an incident of the marriage relation; that it can only be allowed where the marriage relation exists; that it may be allowed as a part of the decree of divorce; that the severance of the marriage relation by absolute decree without alimony terminates the right to alimony."

We think the right to further alimony was absolutely precluded by the decree of divorce which dissolved the marriage status,

and hence, removed the duty or obligation of the petitioner further to support his former wife.

 The general rules for the taxation of trust income are to be found in Sections 161, 162, 166 and 167 of the Revenue Act of 1932, 26 U.S.C.A. §§ 161, 162, 166, 167. Under these provisions the trust is treated as a taxable entity. The trustee is subjected to tax on the net income computed on the same basis as in the case of an individual, except that a deduction is allowed for all income distributed or distributable to the beneficiaries, who are required to include the amount so distributed to them in computing their own income. We are of the view that Lettie S. Fitch is a true trust income beneficiary and as such liable to the income tax thereon. Irwin v. Gavit, 268 U.S. 161, 45 S.Ct. 475, 69 L.Ed. 897; Blair v. Commissioner, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465.

 In the instant case, it is contended that under the doctrine of Douglas v. Willcuts, 296 U.S. 1, 56 S.Ct. 59, 80 L.Ed. 3, 101 A.L.R. 391, the income from this trust going to petitioner's divorced wife was taxable to him, but we think the case is readily distinguishable. It was held in that case that there was a continuing obligation of the trust grantor to the beneficiary of the trust and that the income of the trust was merely used to satisfy that obligation. There is, of course, no doubt as to the soundness of this principle. Otherwise, a debtor could evade income taxes by the simple device of creating trusts with directions to apply the income to the payment of his obligations. But here, as we have seen, there was no continuing obligation to petitioner's divorced wife, and neither by the decree nor the statutory provisions of Iowa, was there any legal liability for support. Confessedly, there was such an obligation up to the time of entry of decree, but this was extinguished when the absolute decree of divorce was entered. It is to be observed that under the trust agreement the annual distribution made to petitioner's divorced wife was the trust income and nothing but trust income. In other words, she was not entitled to a fixed amount per annum, payable out of trust income, with deficiencies to be made up out of the corpus or otherwise. In the Douglas case, the legal liability to his wife continued throughout the tax year because he expressly agreed that if the trust income should fall below $15,-000 in any year, he would make up the deficiency, and the divorce decree confirmed that liability. In addition to this, the law of Minnesota continued his liability for the support of his divorced wife and vested a continuing jurisdiction in the courts to supervise and revise both the decree and the trust agreement to that end. So, too, in Helvering v. Lucy Blumenthal, 296 U.S. 552, 56 S.Ct. 305, 80 L.Ed. 390, relied upon by the commissioner, the grantor remained personally liable for the bank loan, to the satisfaction of which the trust income was directed to be devoted. In Helvering v. Schweitzer, 296 U.S. 551, 56 S. Ct. 304, 80 L.Ed. 389, and Helvering v. Stokes, 296 U.S. 551, 56 S.Ct. 308, 80 L. Ed. 889, there was a continuing liability in the grantors not superseded by the trusts involved. In Commissioner v. Hyde, 2 Cir., 82 F.2d 174, and Glendinning v. Commissioner, 3 Cir., 97 F.2d 51, the grantors were held liable by reason of their express agreements to make up deficiencies in the trust income. In Helvering v. Coxey, 297 U.S. 694, 56 S.Ct. 498, 80 L.Ed. 986, a divorce had been granted under the laws of New Jersey, and under those laws the husband was obligated to support his wife even after divorce. N.J.Rev.Statutes, 2:50–37; McKensey v. McKensey, 65 N.J. Eq. 633, 55 A. 1073; Greenberg v. Greenberg, 99 N.J.Eq. 461, 133 A. 768. The conflict in the decisions is apparent, rather than real.

The case of Helvering v. Brooks, 2 Cir., 82 F.2d 173, is strongly relied upon as sustaining the decision of the Board of Tax Appeals in the instant case, but the Brooks case arose in the State of Florida, and under the law of that state the husband remained liable for the support of his divorced wife, and the court retained jurisdiction over the matter, with the power at any time by supplemental decree to alter the provisions of the trust agreement with respect to the wife's support. So, too, in Alsop v. Commissioner, 3 Cir., 92 F.2d 148, the grantor remained liable to his divorced wife during the tax year, by reason of an express agreement to make up deficiencies in the trust income so as to assure her receiving a fixed amount each year. In the instant case, however, there was absolutely no continuing obligation on the part of the petitioner for the support and maintenance of his divorced wife.

The facts in Commissioner v. Tuttle, 6 Cir., 89 F.2d 112, 114, are analogous to those in the instant case. It was there

insisted that under the doctrine of Douglas v. Willcuts, the husband was liable to income tax arising from a trust for his divorced wife pursuant to settlement agreement made in contemplation of divorce. In the course of that opinion it is, among other things, said: "Careful consideration of Douglas v. Willcuts leads to the conclusion that decision was based on the fact that the income of the trust estate was alimony under the provisions of the Minnesota statute and the terms of the decree. By the statutes of Minnesota the court is empowered upon divorce to decree part of the husband's estate to the wife, and also such alimony as it may deem just and reasonable. * * * It may from time to time revise and alter the decree with respect to the alimony or allowance, and also with respect to the appropriation and payment of principal and interest of property held in trust, and in exercising this authority it is not precluded by stipulations and agreements of the parties."

The court proceeds to say that:

"Under Michigan law, however, parties to a divorce action may enter into a property settlement by which, in the absence of fraud, duress or mutual mistake they will be bound. * * '*

"It was competent for the parties to enter into the terms of a settlement agreement in contemplation of divorce. Such agreement is recognized as final and conclusive between the parties in the absence of fraud, duress, or mistake, and its efficacy as well as its finality springs not from the order of the court but from the consent of the contracting parties. It may not thereafter be amended or revised by the court. * * *

"It cannot be doubted that in making a settlement with his wife in contemplation of divorce under Michigan law the respondent might have paid her a lump sum in money, or deeded to her certain property. The rentals from such property, or the return on the money if invested, would be her income and not his. Or he might have settled upon her a life estate in property. Its income would not thereafter be his income. If he had bought for her an annuity, its avails would likewise be her income. We are unable to distinguish from these examples an irrevocable assignment for life without limitation or restraint of the total income of specified securities.

"Another important distinction between the present case and Douglas v. Willcuts, supra, is this: The settlement there provided for a specified payment in money through the trustee to the wife. Payment was secured by the transfer of securities in trust. The transfer was but for security, however, since deficiencies were to be made up by the settlor and excess income was to be paid to him. Finality was not achieved by the agreement. Here the transfer, so far as it operates, is absolute. There is no guaranty of return, no obligation to make up deficiency, no reservation of excess income, no right retained to change or substitute securities. The wife definitely and finally accepted the income from a certain amount of property, whatever it might prove to be, in settlement of her claims to dower and other rights. There remained no continuing obligation on the part of the respondent for support and maintenance, no debt to be paid out of his income, either actually or constructively. Upon the creation of the trust the trustor's obligations to his wife under both the contract and the decree were fully and finally liquidated."

We are in accord with these views as applied to the facts and issues in this case. The decision of the Board of Tax Appeals is therefore reversed and the cause is remanded for further proceedings consistent herewith.

WOODROUGH, Circuit Judge (dissenting).

I dissent because it seems to me that Douglas v. Willcuts, 296 U.S. 1, 56 S.Ct. 59, 80 L.Ed. 3, 101 A.L.R. 391, requires us to affirm.