HELVERING, Com'r of Internal Revenue, v. LEONARD.

LEONARD v. HELVERING, Com'r of Internal Revenue.

No. 34.

Circuit Court of Appeals, Second Circuit.
June 30, 1939.

J. Donald Duncan, of New York City, for Leonard.

James W. Morris, Asst. Atty. Gen., and Sewall Key, and L. W. Post, Sp. Assts. to Atty. Gen., for Helvering, Commissioner.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge.

This case comes up upon appeals by the Commissioner and the taxpayer from an order of the Board of Tax Appeals, assessing a deficiency against the taxpayer for the year 1929. The facts are as follows: On December 27, 1928, the wife of Leonard, the taxpayer, who was already living apart from him, began a suit for divorce against him in New York. While this was pending, the spouses executed two instruments, a deed of trust and a separation agreement, both on June 4, 1929. The deed conveyed property worth about $650,-000 to a trustee, which was to pay $5,000 annually to each of the couple's three children, and the remainder of the income to the wife: the other provisions of the deed are not relevant to this controversy. The separation agreement recited the deed and the expectation of both parties that the wife would receive an income of $15,000 from the trust, and an equal sum from earlier gifts, so that she would have an invested income of $30,000 from all sources.

To bring her total allowance for maintenance up to $65,000, Leonard promised to pay her $35,000 more, as a maximum, subject however to reduction to not less than $10,000, if he should later convince the divorce court that his means no longer justified any larger sum. In consideration of these provisions the wife agreed to assume all her living expenses, thus discharging the husband from his duty of support. The decree of divorce, which became absolute in October 22, 1929, incorporated the separation agreement, "approved and affirmed" it, and directed Leonard to pay his wife $35,000 "during the term of her natural life". Between June 4th and December 31, 1929, the trustee received income of $16,-191.34 from the trust property, of which it distributed $5,200 to the wife, and five twelfths of $5,000—$2,083.33—to each of the three children, leaving an undistributed balance of income for that period of about $4,700. The Board assessed Leonard upon the income distributed to his wife and minor children on the theory that these payments were in discharge of his continuing marital and paternal duties, but refused to assess him upon the undistributed income. Both parties appealed.

So far as we have found, no case has ever arisen in which a husband has discharged his duty of maintenance by the payment of a lump sum, but we are confident that in such a case any income, derived by the wife from the money received, would be assessed against her, regardless of the fact that the payment had relieved the husband pro tanto. Her income would be altogether beyond his control, its increase or decrease would not affect him at all, and it could be regarded as still his, only by the most patent fiction. We see no difference, when, instead of a lump sum, the husband creates a trust in discharge of his duty; and in the only two cases where that situation has come before the courts, the income has been held to be taxable to the wife. Commissioner v. Tuttle, 6 Cir., 89 F.2d 112; Fitch v. Commissioner, 8 Cir., 103 F.2d 702. On the other hand such trusts will be only security if the husband's duty continues after decree, because the law or the decree, reserves power to the divorce court to change its original award. Douglas v. Willcuts, 296 U.S. 1, 56 S.Ct. 59, 80 L.Ed. 3, 101 A.L.R. 391, was such a case. The spouses lived in Minnesota, by whose law the divorce court, not only was not bound by any agreement between them,

but—and this was the critical fact—might later change the original allowance, if circumstances made it desirable. That was true also of Helvering v. Coxey, 297 U.S. 694, 56 S.Ct. 498, 80 L.Ed. 986, where the spouses lived in New Jersey, in which a settlement, though made with the wife's concurrence, does not end the power of the divorce court. Greenberg v. Greenberg, 99 N.J.Eq. 461, 133 A. 768. The question therefore is whether a decree in the state of the divorce terminates the husband's duty and substitutes finally the provisions which it incorporates. In New York §§ 1155 & 1170 of the Civil Practice Act do indeed give the divorce court power to change allowances fixed in the original decree; and § 51 of the Domestic Relations Law, Consol.Laws N.Y. c. 14, forbids a wife's making an agreement discharging her husband's duty to support her. Nevertheless, a settlement made in discharge of the husband's duty is finally binding upon the parties to the divorce, if incorporated into the decree; and its terms will not be changed, unless the wife can disaffirm it for fraud, overreaching, or the like. Galusha v. Galusha, 116 N.Y. 635, 22 N.E. 1114, 6 L.R.A. 487, 15 Am.St.Rep. 453; Id., 138 N.Y. 272, 33 N.E. 1062; Cain v. Cain, 188 App.Div. 780, 177 N.Y.S. 178; Hamlin v. Hamlin, 224 App.Div. 168, 230 N.Y.S. 51. Kunker v. Kunker, 230 App.Div. 641, 246 N.Y.S. 118, seems an exception to this doctrine, though it is not entirely clear on just what grounds the majority did proceed. If they meant to hold that the agreement, though unimpeached, is not conclusive, the decision seems to us at variance with the law as previously laid down.

In the case at bar, if the trust had been the only consideration for the discharge of Leonard's duty, the income would not, therefore, have been taxable to him: his liability would have ended with the decree, which the court could not have reöpened, and the case would have fallen within Commissioner v. Tuttle, supra, and Fitch v. Commissioner, supra. The situation was not, however, quite as simple as that, for the settlement agreement added to the trust a promise to pay alimony which the court might change and fix between $10,-000 and $35,000. The question therefore becomes whether this changed the trust into a partial security for a total allowance, made up of the present income of the trust and of so much as the court might from time to time allow, and whether this con-

trol over it brings the situation within Douglas v. Willcuts, supra. We think it did not. It seems to us that the intent was that Leonard should never be obliged to make good any deficits caused by decrease in the trust income, or to be relieved by its increase; the original income was taken as the equivalent of a maintenance of $15,000, and discharged him pro tanto. That is the more natural view. Possibly, however, there may be an indirect relation between the trust income and the amount fixed in the future by the divorce court under the separation agreement. It is true that the agreement apparently makes the only test the husband's "circumstances and ability to pay", but that does not necessarily mean that nothing else will be considered. It may be that the wife's other means will also be deemed a factor, and in this way the income of the trust indirectly will determine the allowance. But that circumstance alone is not enough to make that income taxable to him; for if it were, the income from the earlier gifts would be similarly taxable, because that too was a factor in the original settlement. Moreover, consistently we should have to go a step farther, for it is the commoner practice in fixing alimony to take into consideration the wife's independent income from all sources. Sullivan v. Sullivan, 170 Mich. 557, 136 N.W. 482; Dietrick v. Dietrick, 88 N.J.Eq. 560, 103 A. 242. Obviously it would be absurd to tax the husband upon all this income, and it follows that a more direct correspondence is necessary than anything arising from the power reserved in the decree, even if, as we are disposed not to believe, the income of the trust was not for all purposes to be deemed an equivalent of $15,000.

We conclude therefore that the Board was wrong in assessing the husband for that part of the income payable to the wife. In so holding, it seems to us that our decision in Helvering v. Brooks, 2 Cir., 82 F. 2d 173, must be overruled. There we held that the income from a trust made in settlement with a wife, who was suing for divorce, was taxable to the husband. It is said that by the law of Florida—the place of the divorce—the divorce court had power later to change the allowance, as fixed in the settlement, to correspond with changes in the husband's means; and perhaps that was so. But we had nothing of the sort in mind, and the decision stands for more. Douglas v. Willcuts, supra, 296 U.S. 1, 56 S.Ct. 59, 80 L.Ed. 3, 101 A.L.R.

391, was then new, and we assumed too readily—as we now think—that any income which in fact relieved the husband from alimony was to be regarded as still his. We failed to consider how carefully the opinion in that case had been based upon the Minnesota law, which continued the husband's duty, and in effect made the trust only a security for whatever the divorce court might from time to time allow. We are satisfied that the Supreme Court did not mean to extend the doctrine to situations where the husband's duty is at an end, and to assess him upon income over which he has no control, and in·which he has no interest.

█ The same considerations do not apply to the income of the trust payable to the minor children. Pro tanto the trust was created in performance of Leonard's paternal duty of support, which he could neither commute nor discharge. The payments for 1929 seem to have been calculated on the assumption that nothing was due before August first. The settlement agreement fixed the first of the month next succeeding the date of execution, as the "settlement date", but that would appear to have been July first, and in any event the provision does not seem to apply to the deed of trust. The proper date would seem to be that on which the deed took effect; but the children were entitled only to that proportion of $5,000 which the remaining months bore to twelve months. The tax will be assessed upon so much as was payable to the minor children so calculated; and the remainder of the deficiency will be expunged.

Order reversed; cause remanded.